PEOPLE v. WENDEL.

(Supreme Court, Appellate Division, First Department.　November 6, 1908.)

CRIMINAL LAW (§ 1023*)—APPEALABLE ORDER—"INTERMEDIATE ORDER."

An order denying a motion to interpose an additional plea of former jeopardy is an intermediate order, which is not appealable, as the matter may by proper steps at the trial be gotten into the judgment roll, as defined by Code Cr. Proc. § 485, and so, under section 517, be reviewable on appeal from a judgment on conviction.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1023.*

For other definitions, see Words and Phrases, vol. 4, pp. 3716, 3717.]

Louis Wendel, being indicted, moved for leave to interpose an additional plea, which being denied (59 Misc. Rep. 354, 112 N. Y. Supp. 301), he took an appeal, to dismiss which motion is made.　Motion granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

William T. Jerome and Robert C. Taylor, for the motion.

A. Levy, opposed.

PATTERSON, P. J.　The district attorney of the county of New York moves to dismiss an appeal from an order made by a justice of the Supreme Court presiding at a term held for the trial of criminal actions.　The order appealed from denied a motion of the defendant for leave to interpose an additional plea to an indictment found against him in February, 1907, in which he was charged with the crime of grand larceny.　The following facts appear in the papers presented on the motion now before the court:

The defendant was arraigned on the indictment in the Court of General Sessions of the Peace of the city of New York, and on such arraignment, on the 19th of February, 1907, the plea of not guilty was entered.　Thereafter the indictment was removed to the Supreme Court for trial.　The defendant was an officer of the National Guard of the state of New York, and subsequent to the finding of the indictment above referred to charges were preferred against him as such officer.　A court-martial was duly established and convened in accordance with the military law of the state of New York (Laws 1898, p. 508, c. 212), and the defendant was tried upon such charges, which were based upon the same facts as those upon which the indictment was found.　The defendant was pronounced guilty by the court-martial, and sentence of dismissal from the military service of the state was imposed.　The findings of the court-martial were approved by the Governor of the state on the 12th of April, 1907.　In May, 1908, the defendant, not as yet having been brought to trial on the indictment, moved the Supreme Court for leave to interpose, in addition to the plea of not guilty made at the time of his arraignment, the further plea that he had been convicted of the crime charged in the indictment by a judgment of general court-martial duly constituted and convened by the authority of his excellency, the Governor

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

of the state of New York and commander in chief of the National Guard of the state of New York, and then in the proposed plea particularly designated and referred to the record of such conviction.

There is nothing before us to show why the motion for leave to interpose the additional plea was denied, but I am of opinion that the order denying the motion is not appealable. Undoubtedly the defendant in a criminal action may interpose the plea of a prior conviction or acquittal, either in conjunction with the plea of not guilty or separately (section 332, Code of Criminal Procedure), and it may be well said that he cannot be deprived of that right. Every plea must be oral, and must be entered upon the minutes of the court (section 333, Code of Criminal Procedure); but it is not required absolutely that the plea must be put in at the time of the arraignment of the accused, for it may be done at such other time as may be allowed for that purpose (section 322, Code of Criminal Procedure). An order denying a motion for leave to interpose such pleas as the defendant now seeks to avail himself of is an intermediate order. There is no inherent right of appeal from such an order, and unless authority therefor is to be found in some statute there is no power in the court to entertain it. This subject has been fully considered by this court in the opinion written by Mr. Justice Clarke in the Matter of Montgomery, 126 App. Div. 72, 110 N. Y. Supp. 793, and it is unnecessary to discuss it further. The case of People v. Jackson, 114 App. Div. 697, 100 N. Y. Supp. 126, is not authority for the present appeal, any more than it was in support of the appeal in the Montgomery Case.

But the argument of the defendant in resistance of the motion to dismiss his appeal takes a wider range. He asserts that his right to interpose the plea of a former conviction is one of which he cannot be deprived, that by the order denying his motion for leave to interpose such a plea he has suffered that deprivation, and that as long as that order stands unreversed, he is precluded absolutely from availing himself of an undoubted right. The argument is also made that unless an appeal from this order is allowed he is without remedy. Attention is called to the provision of the Code of Criminal Procedure (section 517) by which it is enacted that an appeal to the Supreme Court may be taken by a defendant from a judgment on a conviction after indictment, and upon the appeal any actual decision of the court in an intermediate order or proceeding, forming part of the judgment roll as prescribed by section 485, may be reviewed. Section 485 provides what shall constitute a judgment roll upon conviction, namely, a copy of the minutes of a challenge interposed to a grand juror, the indictment and a copy of the minutes of the plea or demurrer, a copy of the minutes of a challenge which may have been interposed to a panel or a trial juror who participated in the trial, a copy of the minutes of the trial, a copy of the minutes of the judgment, copy of the minutes of any proceedings upon a motion either for a new trial or in arrest of judgment, the case, if there be one, and then comes another provision which has no application to the present case.

It is insisted that a decision embodied or formulated in an order denying a motion to amend the defendant's plea of not guilty, by joining to it a plea of a former conviction as prescribed by section 332,

would not become part of the judgment roll, and that consequently such denial of the motion cannot become part of the record, and would not be reviewable upon a judgment of conviction, and hence the only remedy the present appellant has is to appeal separately from the orders now objected to. I suppose that the defense of a former conviction or acquittal must be pleaded, and that in the absence of a plea setting it up the question cannot be raised. Such is the rule as stated in People v. Cignarale, 110 N. Y. 29, 17 N. E. 135; but it does not follow that the defendant may not raise at the trial and have placed upon the record any ruling of the court which prevents his interposition of the plea. All pleas are oral. A defendant is not limited to making his plea of former conviction or acquittal at the time of arraignment. Upon the trial (having put in the plea of not guilty) he may ask to interpose this additional proposed plea. If objection is made, and the plea is refused, he may take an exception, and can, in addition, offer in evidence the record of his former conviction. All this then becomes part of the record of the trial, and will form part of the case on appeal, which case becomes part of the judgment roll, and, if a conviction is had, the decision denying the motion for leave to interpose the plea can be reviewed.

An application for leave to interpose the plea of being twice put in jeopardy may be made at the trial; for that was the course pursued in People v. Smith, 172 N. Y. 227, 64 N. E. 814. There the defendant was indicted for murder in the first degree. He was put upon trial, and thus given into the custody of the jury. During the trial one of the jurors became ill and unable to perform his duty. The jury were then discharged and the trial was postponed. The defendant objected to the discharge, and demanded the selection of a new juror in the place of the one who was disabled, and that the trial proceed. There was a second trial, and before the jury was called the defendant claimed to have pleaded a former trial and jeopardy as a bar to any further trial of the indictment against him. The plea was overruled, and the ruling went up on the record to the Court of Appeals, and was there reviewed as part of the record. I am not able to perceive why the appeal now before this court should be entertained on the ground assigned by the defendant.

There is no authority for such an appeal, and the motion to dismiss should be granted. All concur.