(79 Misc. Rep. 98.)

PEOPLE ex rel. STUMPF v. CRAIG, Superintendent.

(Supreme Court, Special Term, Monroe County. January, 1913.)

1. HABEAS CORPUS (§ 27*)—GROUNDS OF REMEDY—WANT OF JURISDICTION.

A warrant by a police justice for the arrest of one convicted of petit larceny and paroled, for violation of the parole, is final process, if the court had jurisdiction, and cannot be questioned by habeas corpus; but if the court was without jurisdiction, and the proceeding is coram non judice, the relator is entitled to his discharge.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 22; Dec. Dig. § 27.*]

2. CRIMINAL LAW (§ 258*)—SPECIAL SESSIONS—POWERS AFTER JUDGMENT.

A Court of Special Sessions, in the absence of statutory provisions, is functus officio after trial and pronouncement of judgment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 545–561; Dec. Dig. § 258.*]

3. HABEAS CORPUS (§ 29*)—GROUNDS OF RELIEF—WANT OF JURISDICTION.

A warrant by a police justice for the arrest of a paroled prisoner for violation of his parole, on the mere statement of the parole officer that the prisoner had violated his parole, is illegal, and the prisoner is entitled to discharge from custody on habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 24; Dec. Dig. § 29.*]

4. WORDS AND PHRASES—"JUDICIAL DISCRETION."

"Judicial discretion" never means the arbitrary will of the judge, but is a legal discretion, founded on conditions which call for judicial action, as distinguished from mere individual or personal view or desire.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3855, 3856; vol. 8, p. 7697.]

Application by the People, on the relation of Roy Stumpf, for habeas corpus to William H. Craig, Superintendent. Relator discharged.

George D. Forsyth, of Rochester, for relator.
John W. Barrett, Dist. Atty., of Webster, for defendant.

BENTON, J. On the 8th of August, 1911, a warrant was issued out by the Police Court of the city of Rochester, N. Y., upon information substantially charging Roy Stumpf with petit larceny in appropriating to his own use $3.55, the property of John Empke. At that time the said Roy Stumpf was convicted upon his plea of guilty, and it was adjudged that sentence be suspended on said Stumpf, and he was paroled to Mr. Masters, parole officer, for six months.

On or about June 3, 1912, the said Stumpf, in company with Mr. Masters, appeared in Police Court, and Mr. Masters asked that the parole be extended three months. The court said: "You want it extended?" The parole agent said: "Yes, three months." The court responded: "The parole extended six months."

On or about November 6, 1912, the said parole officer presented a written paper to the police justice of the city of Rochester, reciting the conviction of Stumpf, the parole, the extension of the parole, and further stating that said Roy Stumpf "has violated his parole by neglecting to comply with the terms of his parole, and I therefore ask

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that a warrant be issued and he be arrested for such violation."
Whereupon a warrant was issued dated November 12, 1912, stating
that:

"Information upon oath having this day been laid before me by Parole
Officer Masters that Roy Stumpf has violated his parole, having been con-
victed and paroled in Police Court for petit larceny on June 3, 1912, has
been committed, and accusing Roy Stumpf thereof, you are therefore com-
manded forthwith to arrest the above-named Stumpf and bring him before
me at my office in the city of Rochester.
                          "[Signed]   John H. Chadsey, Police Justice."

Said Stumpf was arrested under said warrant and brought before
the police magistrate on December 13, 1912, and without any specifica-
tion as to how, when, or where he had violated his parole, and without
an opportunity to be heard being granted him, he was summarily
sentenced to imprisonment in the Monroe County Penitentiary for 15
days, and a certificate of conviction issued to the effect that:

"Stumpf having been brought before Judge Chadsey charged with petit
larceny on July 11, 1911, by taking from the possession of John Empke,
$3.55, with the intent to deprive and defraud, etc., and that Stumpf having
thereupon pleaded guilty, it is adjudged that he be imprisoned in the Monroe
County Penitentiary for fifteen days.
"Dated December 13, 1912."

[1] If the court had jurisdiction, this is the final process, and can
not now be questioned by habeas corpus. If the court was without
jurisdiction, and the proceeding is coram non judice, the relator is en-
titled to his discharge.

"When a prisoner is held under a judgment of a court made without au-
thority of law, the proper tribunal will, upon habeas corpus, look into the
record so far as to ascertain this fact, and, if it be found to be so, will dis-
charge the prisoner. It is no answer to say the court had jurisdiction of
the person of the prisoner, and of the offense, under the statute. It by no
means follows that these two facts make valid, however erroneous it may be,
any judgment the court may render in such a case." People ex rel. Tweed
v. Liscomb, 60 N. Y. 559, 572, 19 Am. Rep. 211.

The police magistrate had original jurisdiction of the prisoner and
of the offense. Upon his plea of guilty, the court could suspend sen-
tence and place him upon probation. Section 11a, subd. 4, of the Code
of Criminal Procedure, makes it the duty of the court, when it does so,
to determine the conditions and period of probation. It did determine
the period, but no conditions whatever, and the court is further au-
thorized by the same statute to—

"modify the conditions and the period of probation; may in case of viola-
tion of the probationary conditions, * * * impose any penalties which it
might have imposed before placing the defendant on probation."

Attention is drawn to section 2188 of the Penal Law (Consol. Laws
1909, c. 40), under which the magistrate, upon conviction, is given
authority to suspend sentence and place the offender under probation,
and at any time thereafter, during the longest period for which he
could have been committed in the first instance, such magistrate or his
successor, if his term has expired, may pronounce any sentence or
judgment, or impose any fine or other penalty, or make any commit-

ment which might have been pronounced, imposed, or made at the time the conviction was had.

Ostensibly, the police magistrate was acting under section 11a of the Code of Criminal Procedure, authorizing the appointment of probation officers by courts and magistrates, and Mr. Masters was such probation officer so appointed. Subdivision 4 of this section provides the method of procedure, as follows:

"When any court suspends sentence and places a defendant on probation it shall determine the condition and period of probation, which period of probation shall not exceed ＊ ＊ ＊ in the case of an offense less than a felony, two years. The conditions of probation shall be such as the court in its discretion prescribes. ＊ ＊ ＊ The court or a magistrate thereof may modify the conditions and the period of probation; may, in case of violation of the probationary conditions, issue a warrant for the arrest of the probationer; and may at any time discharge the probationer; and in case of violation of the probationary conditions, the court may impose any penalties which it might have imposed before placing the defendant on probation."

[2] No conditions were specified in the judgment and the period of probation was extended beyond its first prescribed time. A Court of Special Sessions, in the absence of statutory provision, is functus officio upon the trial and the pronouncement of judgment.

[3] It is questionable whether it has authority, in any event, after fixing the period of probation to extend it. The provision that it may modify the conditions and period is not sufficient to warrant it to extend it; but even if that be waived, and assuming that the court sanctioned such conditions as the parole officer imposed, and did have authority to extend, and therefore might issue its warrant in case of the violation of the probationary conditions, and thereafter imposed such penalty as it might have imposed upon the original trial, there is no power vested in it to do this arbitrarily, and without knowledge and proof that such parole had been violated. The statement of the parole officer does not specify what the conditions were or in what its violation consisted. Presumptively the police magistrate had no knowledge or information of it, save as contained in the information filed by the parole officer, and none appears in the record.

The defendant was there protesting his innocence and demanding his right to be heard. No hearing was accorded him, and he was summarily convicted of a violation of his parole, without information as to when, where, or how it has been violated; nor does it appear that the police magistrate had knowledge of it.

To send a person to prison because he has violated some condition which he insists he has not, and without specifying what it is, and without giving him an opportunity to be apprised of the condition and its violation which is claimed to have occurred, and to be heard in his own behalf, violates elementary principles of criminal jurisprudence, and makes the statutory provision, designed to be humane and reformatory, authority for arbitrary imprisonment unknown to our laws, and can only leave a sense of rankling injustice in the mind of the defendant. No court may arbitrarily and without reason imprison under either section.

[4]  The utmost that could be claimed for section 2188 of the Penal Law would be that it conferred judicial discretion to sentence.

"While judicial discretion is a phrase of great latitude, it never means the arbitrary will of the judge.  *  *  *  It is a legal discretion, founded upon conditions which call for judicial action, as distinguished from mere individual or personal view or desire."    Matter of Superintendent of Bank, 207 N. Y. 11, 15, 100 N. E. 428, 429.

I hold the detention of the defendant in this case to be illegal, and the information, warrant, and commitment under which he is held void.  The relator is discharged.

Relator  discharged.