CITY OF NEW YORK, Respondent, *v.* SAM KRIEGEL, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Judicial Department, November 6, 1924.

Crimes — disorderly person — defendant adjudged guilty of violating Inferior Criminal Courts Act, § 74, in failing to provide adequate support for wife and placed on probation for one year on condition that he would contribute towards wife's support by payment of weekly allowance — probation revoked and defendant committed to jail on arraignment for failure to meet weekly allowance to wife — defendant's request for adjournment in order to procure counsel denied — revocation of probation for defendant's failure to comply with its terms and commitment to jail proper in absence of evidence that defendant demanded and was denied hearing in presence of counsel — Court of Special Sessions, city of New York, has jurisdiction to review order of Magistrate's Court revoking defendant's probation pursuant to Inferior Criminal Courts Act, § 74, subd. d — appeal dismissed.

The revocation of defendant's probation upon his failure to comply with its terms and his commitment to jail, after a hearing before a Magistrate's Court, in default of a bond, was proper and justifiable, where it appears that, after having been adjudged a disorderly person pursuant to section 74 of the Inferior Criminal Courts Act for failing to provide adequate support for his wife, defendant was placed on probation for a year on condition that he would contribute towards his wife's support by the payment of a weekly allowance; that upon the failure to make the payments, he was properly arraigned before a Magistrate's Court for a violation of his probation and informed of the facts constituting the charge against him, to which he made no denial.

Defendant's appeal from the judgment of conviction and from the magistrate's order denying his application for an adjournment in order to procure counsel, on the ground that the denial was an abuse of discretion and in violation of his rights and constituted prejudicial error, should be dismissed, since there is nothing in the record to indicate that the defendant demanded and was denied the right to have counsel upon the hearing.

The Court of Special Sessions of the City of New York has jurisdiction, pursuant to section 74, subdivision d, of the Inferior Criminal Courts Act, to review a judgment, order or decision which imposes a jail sentence.   Hence, the said court has power to review the magistrate's order revoking defendant's probation and committing said defendant to jail, where the notice of appeal recites that the defendant " appeals from the order which, without trial or hearing, commits him to the workhouse."   (Per FRESCHI, J.)

APPEAL from a judgment of conviction had in the Family Court, Borough of Manhattan, and from an order made and entered on July 1, 1924, which denied the defendant's application for an adjournment and committed him to the workhouse in default of a bond of $500, and which directs him to pay in addition the sum of $20 back alimony.

*Maximilian Bader*, for the appellant.

*George P. Nicholson, Corporation Counsel* [*Henry J. Shields* of counsel], for the respondent.

FRESCHI, J.:

The appellant having been adjudged a disorderly person within the meaning of section 74 of the Inferior Criminal Courts Act for his failure to provide adequate support for his wife was placed on probation for a period of one year, a condition of which was that he contribute towards her support by weekly payments. When the appellant failed to comply with the terms imposed, he was again arraigned before a magistrate for a violation of his probation.   Proof was adduced of such violation at a hearing held, whereupon probation was revoked and the appellant was committed to jail in default of a bond as required by law in such cases.   After such hearing commenced, the appellant's request for an adjournment to procure counsel was denied.   He asserts now that this denial was an abuse of discretion and in violation of his rights and that it constitutes prejudical error.   He asks, therefore, this court to review the order of the city magistrate revoking probation and committing him to prison.

Following the adjudication of appellant's guilt on his plea to the charge, it was clearly within the magistrate's power to place the prisoner (appellant) on probation and to fix any of the terms enumerated by statute as conditions thereof with which the probationer must comply (See Code Crim. Proc. §§ 11a, 483); and it was also in the competence of the magistrate, under the same statute, to revoke probation as was done in this instance for a good cause. (Code Crim. Proc. § 470a.   See, also, Penal Law, § 2188; *People* v. *Goodrich*, 149 N. Y. Supp. 406.)   The appellant contends, however, that he was denied a hearing within the presence of his counsel

CITY OF NEW YORK *v.* KRIEGEL. **69**

Misc. 67]    Court of Special Sessions, City of New York, November, 1924.

In my examination of the precedents affecting this question I have found but one case (*People ex rel. Stumpf* v. *Craig,* 79 Misc. 98) in which it was held that a revocation of probation without a *hearing,* resulting in a commitment, is illegal, and, in habeas corpus proceedings, calls for the discharge of the relator. And in a case of a seizure and recommitment of a convict whose sentence had been conditionally commuted by the Governor, his recapture and incarceration by the warden, *without a hearing,* was a denial of justice and the writ sued out was sustained. (*People* v. *Burns,* 77 Hun, 92.) Recently, the appellate courts have held that, in cases where misdemeanants, who had been confined in the penitentiary and had been released on parole, and who were recaptured and imprisoned, their detention was not illegal and that the prisoners were not entitled to be released from custody on habeas corpus writs where they insisted that they had not been apprised of the violation of the terms of parole nor heard on their own behalf. (*People ex rel. Romain* v. *Parole Commission,* 116 Misc. 758; affd., 205 App. Div. 840; *People ex rel. Rabiner* v. *Warden,* 209 id. 795.) Of course there is considerable difference between probation and parole, the former dealing with matters before judgment is imposed, while the latter concerns the suspension of the execution of the whole or a part of the judgment previously pronounced. I should hold, were I called upon to decide the question, that the rights of the parties in such cases are quite different. In all such cases of parole violations before the Parole Commission, the legally constituted authorities should be allowed a wide discretion in the recalling of their earlier decisions. The decisions cited indicate the attitude of the courts on that point; but, in probation cases, I should think the rule affording the accused the benefit of counsel at all stages of the proceedings might be successfully invoked. In probation cases, where a trial in due form has been conducted and a conviction had against a defendant charged with being a disorderly person, the court has merely suspended the imposition of sentence in the exercise of a wise discretion. When the time comes, if it ever does, that the court deems it necessary to impose some definite form of punishment after the revocation of probation, the defendant ought to be permitted to have the assistance of counsel, if he so chooses.

While it is the policy of the administration of the criminal law and procedure to afford to every person, either accused of crime or an offense criminal in its nature, or who is about to be sentenced, the aid of counsel, still, in the case at bar, I find nothing in the record to justify the claim that the appellant demanded and was denied the right to have counsel. The appellant was properly arraigned and informed of the facts charged against him, which

Court of Special Sessions, City of New York, November, 1924.   [Vol. 124

constitited the violation of the terms of his probation, namely, the non-payment of the fixed weekly allowance to his wife of which fact he had cognizance. No denial of the truth of the charge was made, and after a hearing before a Magistrate's Court, the presiding judge, acting clearly within his jurisdiction in the premises, ordered the commitment of the appellant.

This commitment is challenged by the appellant who contends that it is based on the illegally revoked probation. With this view I do not agree. The corporation counsel, on the other hand, urges on behalf of the respondent that this court is without power to review the magistrate's order revoking probation, and, therefore, he asks for a dismissal of this appeal for lack of jurisdiction. His motion must be denied, inasmuch as the defendant's notice of appeal recites that he " appeals from the order which, without trial or hearing, *commits* him to the workhouse," etc. I hold that a judgment, decision or order which imposes a jail sentence is reviewable by this court, even though the defendant now has the right to appeal from a suspended sentence, that being to all intents and purposes a conviction. Prior to the amendment of the Code of Criminal Procedure, section 517, no appeal was allowed from a suspension of the judgment; but now the practice and procedure permit the review of such an order on appeal even though it be a fact that the case is *sub judice* until the judgment is pronounced. (*People ex rel. Hirschberg* v. *Seeger*, 179 App. Div. 792.) Section 750 of the Code of Criminal Procedure prescribes the causes for which an appeal is allowed. (See § 749.) These provisions should be read in conjunction with those of section 74, subdivision d, of the Inferior Criminal Courts Act, providing for an appeal from an order, decision or judgment taken either by the defendant or the complainant to the Court of Special Sessions as provided by section 94 of the latter act. The cases of *People* v. *Flaherty* (126 App. Div. 65, 67) and *People* v. *Markham* (114 id. 387), cited by respondent holding that appeals from Magistrates' Courts are allowable from the judgment only, were decided before the amendment of section 517 of the Code of Criminal Procedure; and the enactment of section 74 (*supra*), which now includes appeals from " orders." Doubt has been expressed, though, that this last-mentioned section empowers the Court of Special Sessions to review all intermediate orders (See *People* v. *Wendel*, 128 App. Div. 437; *People* v. *Canepi*, 181 N. Y. 398); but certainly all orders which relate to and affect the final decision are within the purview of section 74, subdivision d (*supra*); and I am of the opinion that the powers granted in matters of appeal are, by virtue of the peculiar wording of the section just mentioned, enlarged and greater than those formally exercised by

CITY OF NEW YORK *v.* KRIEGEL. **71**

Misc. 67]     Court of Special Sessions, City of New York, November, 1924.

the County Courts and Courts of General Sessions. Of course, such orders are only reviewable when the notice of appeal recites them. It would not be difficult to suppose a case where the magistrate might impose conditions upon the probationer that are contrary to law, and yet the judgment that he subsequently pronounced could not be held to be void, although the magistrate had proceeded to revoke such probation on insufficient evidence (*People ex rel. Valiant* v. *Patton*, 221 N. Y. 409, 414); and yet such order, decision or judgment would be appealable.

I find no reason to disturb the conclusion of the magistrate; and I advise that the judgment appealed from be in all respects affirmed.

KERNOCHAN, Ch. J.:

From the return of the magistrate this case had its inception on the 19th of October, 1923, when Sophie Kriegel, the wife of the appellant, made affidavit charging the appellant with being a disorderly person, in that he neglected to provide for her according to his means. The appellant then through his counsel consented to pay his wife ten dollars per week without prejudice to the renewing of the application, and further proceedings in this complaint seem to have been held in abeyance.

On April 4, 1924, because the appellant was in arrears, these proceedings were renewed and the papers show that on that date the appellant plead guilty to the charge of being a disorderly person and was ordered by the magistrate to pay twelve dollars per week until the arrears were liquidated and then ten dollars per week, and that, if default was made, the magistrate ordered that then it would be necessary for the defendant to give a bond that he would comply with the order.

On July 1, 1924, the appellant was brought to court again and on the report of the probation officer that the conditions imposed on April fourth had not been complied with, the appellant was ordered to give bond to comply with them and in default thereof to stand committed to the city prison, or jail, or workhouse for a term not to exceed twelve months. By this last order the appellant's probation was revoked.

It is from this last order of July 1, 1924, that the appellant appeals on the ground that the magistrate should have allowed the appellant's request for an adjournment so that his counsel could be present and also that the magistrate could have presented to him an affidavit and doctor's certificate that the appellant was ill and unable to work.

The appellant claims that the denial of the adjournment is ground for the reversal of the order revoking probation and com-

mitting the defendant to prison in default of a bond to comply with the order of support.

These proceedings are instituted, not to punish the defendant, but to secure support for the neglected wife. When the defendant plead guilty to being a disorderly person the magistrate could have insisted on a bond, but taking advantage of the latitude given him by the Inferior Courts Law (§ 74) and of section 11a of the Code of Criminal Procedure, he decided to give the defendant a chance on probation.

In this case there is no question that the appellant violated the terms of his probation by not contributing as directed to the support of his wife, and the conditions of his probation being specific and their violation undisputed, the doctrine laid down in the case of *People ex rel. Stumpf* v. *Craig* (79 Misc. 98) does not apply.

The action of the magistrate in revoking probation was justified and I concur with my colleagues in affirming the judgment of the magistrate.

The corporation counsel argues in his brief that an appeal does not lie to this court from an order revoking the order placing the defendant on probation to comply with the order to support. His argument in brief is that the appeal powers of the Court of Special Sessions in cases of this kind are derived from subdivision d of section 74 of the Inferior Courts Act, and that such appeals must be taken as provided by section 94 of the same statute, which provides for the continuance of the right to appeal which existed at the time of the enactment of the Inferior Courts Act in 1910. At that time the provisions for appeals from Magistrates' Courts was contained in sections 749 and 750 of the Code of Criminal Procedure, which limits the grounds of appeal to a review of an erroneous decision or determination of law or fact upon the trial, or a judgment upon conviction. I think that there is great merit in this contention of the corporation counsel but as it was not raised by a motion of the respondent to dismiss the appeal I do not think that it is necessary to pass on this question at this time.

I, therefore, vote to affirm the judgment of the magistrate for the reason above stated.

McINERNEY, J.:

I vote to affirm the judgment of the magistrate.

Judgment of conviction in all respects affirmed and it is further ordered that the appellant present himself before the Appellate Part, at twelve o'clock noon on November 18, 1924, at 32 Franklin street, borough of Manhattan, and submit himself to execution of the judgment of this court.