Richard J. Sherman, J.
The defendant was indicted by the Saratoga County Grand Jury at the October 1952 term of the crime of grand larceny in the first degree on three separate counts.
On October 22,1952 the defendant was brought before Honorable Willard L. Best, Justice of the Supreme Court, and the court assigned Theodore H. Gray of Saratoga Springs to represent him.
On October 24,1952 the defendant and his attorney, Mr. Gray, were returned before the court at which time the defendant was duly arraigned and the case was moved to Saratoga County Court for disposition.
On November 17,1952, before Honorable Richard J. Sherman, Saratoga County Judge, at a regular trial term of County Court, the defendant pleaded guilty to the first count (grand larceny first degree) of the aforesaid indictment. The defendant’s criminal record was taken by the Court Clerk. One of the questions asked the defendant by the Clerk was ‘ ‘ Have you any legal cause why judgment should not be pronounced against you? ” The answer was “ No ”. The District Attorney then read a second offender information in the presence of the defendant and the court asked the defendant whether he was the same person as charged in said information and the defendant answered in the affirmative. The defendant and his counsel then waived the two-day statutory period for sentencing and the sentence, of the court was that the defendant was to be confined to the New York State Prison at Dannemora for a term of not less than 5 years nor more than 10 years.
Subsequently and on June 13,1955 the defendant was returned from Greenhaven Prison pursuant to an order of Honorable Richard J. Sherman, Saratoga County Judge, signed May 20, 1955, for the purpose of resentencing. On that day the court *394 assigned Theodore H. Gray to represent the defendant in the proceedings and to adjourn the matter until June 16, 1955. On June 16, 1955 the court revoked the defendant’s sentence as a second offender and sentenced him, as a first offender to be confined to the New York State Prison at Dannemora for a term of not less than 4 years nor more than 7 years.
Defendant now contends that the resentence on June 16, 1955 was improper in that there was no compliance with section 480 of the Code of Criminal Procedure in that he was not asked at the time of resentence whether he had any legal cause to show why judgment should not be pronounced against him.
It is the contention of the District Attorney that such question was not necessary, if said section was complied with at the time of the original sentence on November 17, 1952.
The record indicates that such question was asked at the time of original sentence.
The motion at this time is for resentence. This court has read the following cases with a great deal of interest. (People ex rel. Egitto v. Jackson, 7 A D 2d 808; People ex rel. Miller v. Martin, 1 N Y 2d 406; People v. Sevic, 1 Misc 2d 180; People v. Sullivan, 3 N Y 2d 196.)
It is to be noted that People ex rel. Miller v. Martin (supra) is in the nature of a habeas corpus proceeding.
In People ex rel. Egitto v. Jackson (supra) the Court of Appeals denied a motion for leave to appeal to the Court of Appeals (5 N Y 2d 711).
The motion for resentence is accordingly denied.