Benjamin Gassman, J.
This is a motion in the nature of a writ of error coram nobis.
The defendant was indicted on March 9, 1944 on a charge of manslaughter in the second degree. After a trial before Judge James Garbett Wallace and a jury, the defendant was found guilty of that charge on the 26th day of October, 1944. On January 10, 1945 the defendant was sentenced as a second felony offender by Judge Wallace to State prison to a term of not less than 7% nor more than 30 years. The execution of the sentence was suspended and the defendant was placed on probation. On January 7,1947 the defendant was arraigned before Judge Wallace on a charge of violation of probation. After the court heard the probation officer recite the facts on which the violation of probation was based, the court asked the defendant: “ What have you got to say for yourself? ”, to which the *76 defendant replied: “Not a thing, sir”. Thereupon the court revoked the suspension of the execution of the sentence and sentenced the defendant to a term-of not less than 7% nor more than 30 years in State prison, which term the defendant is now serving.
On this application the defendant contends that (1) he was wrongfully extradited from the State of Louisiana because, as he states, “ to the best of petitioner’s knowledge, there has been no agreement between New York and Louisiana to render up to the demanding State any person who had violated the terms of his probation or parole (2) that he was denied his right to consult counsel and was not informed of his right to counsel; (3) that he was not lawfully adjudicated a violator of probation; and (4) that section 480 of the Code of Criminal Procedure was not complied with at the time of his arraignment as a probation violator.
The defendant’s motion must be denied on all grounds.
(1) It is no defense to a criminal prosecution that a defendant was illegally brought within the jurisdiction of the court, where the court has jurisdiction to try and determine the issue before it (People v. Eberspacher, 79 Hun 410; People v. Jeratino, 62 Misc. 587). “ In a criminal proceeding, how the defendant came or was brought into the jurisdiction is relatively unimportant. Neither can coram nobis be used to establish or disprove extradition proceedings in a sister state nor the validity thereof” (People v. Milton, N. Y. L. J., March 10, 1953, p. 790, col. 6). As the United States Supreme Court pointed out in Frisbie v. Collins (342 U. S. 519): “ There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will ” (p. 522).
(2) Nor is there any merit to defendant’s second contention. “ Neither the State nor Federal Constitution requires an assignment of counsel at the time of sentence.” (People v. Hasenstab, 283 App. Div. 433, 437.) (See, also, People v. De Maio, 279 App. Div. 596, affd. 303 N. Y. 939.) The record does not disclose-that the defendant demanded counsel on his second arraignment nor was he denied counsel. As a matter of fact, the minutes of the hearing of January 7, 1947 show that when the defendant, was arraigned, despite the fact that he did not ask for counsel, the court said “ Mr. Wanderman, stand alongside of this man ” and the defendant neither objected to the assignment of competent counsel to him nor demanded any other counsel. Under the circufnstances, the violation of probation not having been denied by him, the revocation of the suspension of the execution of the *77 sentence previously imposed will not be disturbed (City of New York v. Kriegel, 124 Misc. 67).
■ (3) After the court heard the probation officer’s report, he asked the defendant: “ What have you got to say for yourself ”, to which the defendant replied: “ Not a thing, sir ”. The court therefore properly adjudicated him a probation violator.
(4) Coming to the last of the defendant’s contentions, section 480 of the Code of Criminal Procedure provides that “ When the defendant appears for judgment, he must be asked by the clerk whether he have any legal cause to show, why judgment should not be pronounced against him.” The January 7, 1947 minutes show that when the defendant was arraigned, the Clerk asked him ‘ ‘ What have you now to say why the judgment of the Court should not be pronounced against you according to law? ” and the defendant did not answer. As a matter of law, the provisions of section 480 of the code do not apply to the arraignments of defendants for violation of probation. When the defendant was originally before the court on January 10, 1945, he was represented by counsel of his own choosing and the sentencing minutes show that section 480 of the Code of Criminal Procedure was fully complied with. There is no provision of law requiring compliance with that section on a resentence or at a time when the court revokes the suspension of a sentence previously duly pronounced (People v. Waterman, 5 A D 2d 717; People v. Gootee, 17 Misc 2d 392, 394).
Accordingly, the defendant’s motion is in all respects denied.
The District Attorney is directed to serve a copy of this decision and order to be entered hereon on the defendant at his place of confinement.