*255 OPINION OF THE COURT
W. Patrick Falvey, J.
The defendant has been accused of willfully violating the terms of his lifetime probation handed down by this court on July 21, 1989, to wit, that he (1) failed to pay restitution in the amount of $210; (2) violated the laws of the State of Florida; and (3) failed to notify his probation officer of his arrests in the State of Florida.
The defendant seeks dismissal of the proceedings on the following three grounds: (1) the warrant issued to return him to New York from Florida was defective; (2) the defendant was never accepted for probation supervision in Florida; and (3) the defendant’s "nolo contendere” pleas in Florida cannot be used against him to prove a violation of his New York probation.
The defendant also moved to set aside the plea, judgment and sentence pursuant to CPL 440.10 and/or recusal of the court. These issues were decided on the record in open court after argument on May 6, 1997.
A plenary hearing on the alleged violations was held (pursuant to CPL 410.70), in the defendant’s presence, on May 6th and June 3rd of 1997.
Based upon the papers submitted, accompanying legal memorandum, the hearing, the arguments had, submissions of counsel and all the proceedings herein the court decides as follows:
FACTS
This court placed the defendant, James F. Johnson, on lifetime probation on July 21, 1989 after his conviction upon a plea of guilty to the crime of criminal sale of a controlled substance in the third degree, a class B felony, in violation of Penal Law § 220.39 (1) in full satisfaction of two counts of criminal sale of a controlled substance in the third degree.
Part of the terms and conditions of said probation were that the defendant was to (1) pay a mandatory surcharge of $100 by August 15, 1989; (2) pay restitution and a designated surcharge in the amount of $210 by August 15, 1989 (condition 12); and (3) refrain from violating any Federal, State or local law and notify the probation officer if arrested or questioned by any law enforcement official (condition 4).
The defendant heard the terms and conditions in open court and acknowledged receipt of same in writing.
Furthermore, on July 21, 1989, the defendant executed an agreement to return to New York from Florida and waive any *256 extradition to the State of New York. He also requested, on that same day, permission to be supervised on probation in the State of Florida.
Although it was anticipated that the defendant’s probation would be transferred to Florida, the defendant was allowed to leave New York for Florida before the transfer was complete. However, his Florida supervision was not accepted and Yates County was advised of this on March 23, 1990.
The Yates County Probation Department had no contact with the defendant from July 21, 1989 to 1996.
A declaration of delinquency was prepared on January 19, 1993 based on the defendant’s failure to pay restitution and mandatory surcharge; that he had been charged with additional crimes, to wit: November 16, 1989: counterfeiting of-altering lottery tickets; June 11, 1991: auto theft and trespassing; and July 11, 1991: probation violation-interference with custody and resisting arrest; and that he failed to notify the Probation Department of a change in address. A warrant for his arrest was issued on January 30, 1993 based on said declaration of delinquency.
On May 14, 1996, the current Yates County Director of Probation received a telephone call from a detective from Dade County, Florida, indicating that they had the defendant in custody.
An addendum to the pending violation of probation petition was filed on January 9, 1997 alleging the defendant’s failure to pay the court-ordered restitution by August 15, 1989 and that he had been convicted of felony and misdemeanor offenses in the State of Florida, to wit: February 9, 1990: interference with custody, a third degree felony; July 5, 1991: trespass in conveyance, a misdemeanor; October 31,1991: possession of cocaine, a third degree felony, and use or possession of drug paraphernalia, a first degree misdemeanor; and November 19, 1996: grand theft motor vehicle, a third degree felony, and resisting an officer without violence, a first degree misdemeanor.
These violations resulted in pleas of nolo contendere as indicated by the exemplified copies of the court records of Dade County, Florida, and, with the exception of the cocaine and drug paraphernalia charges, the defendant’s own admissions.
The defendant testified that he was picked up for a Florida burglary charge in May of 1996, and he waived extradition on the court’s warrant on his own volition.
He also testified that he had always lived in Florida, although he had never been supervised on probation by Florida *257 authorities. He further stated that he agreed to go to Florida as part of the plea negotiation as he had family in Florida as well as a job opportunity.
MOTION TO DISMISS
The defendant’s motion to dismiss is denied on all grounds.
"It is no defense to a criminal prosecution that a defendant was illegally brought within the jurisdiction of the court, where the court has jurisdiction to try and determine the issue before it”. (People v Messengale, 29 Misc 2d 75, 76, citing People v Eberspacher, 79 Hun 410; People v Jeratino, 62 Misc 587.) "In a criminal proceeding, how the defendant came or was brought into the jurisdiction is relatively unimportant. Neither can co-ram nobis be used to establish or disprove extradition proceedings in a sister state nor the validity thereof.” (People v Milton, NYLJ, Mar. 10, 1953, at 790, col 6 [Gen Sess, NY County, Stevens, J.].)
As for the status of defendant’s probation supervision in Florida, the court determines this issue is irrelevant. The transcript of the sentencing makes it clear that the court sentenced the defendant to lifetime probation under the supervision of the Yates County Probation Department. The defendant also received a written copy of the conditions of probation on July 21, 1989. While the defendant was granted permission to go to Florida, any matters between the Probation Department, the defendant and the Florida Probation Department are outside the scope of this proceeding.
Florida case law allows a violation of probation to be based upon a conviction on a nolo contendere plea. (Maselli v State, 446 So 2d 1079 [Fla].) And there should be no prohibition on this court to do likewise. Nor has this court been able to find any authority in New York case law for defendant’s position that a declaration of delinquency may not be based on a nolo contendere plea.
Further, the court notes CPL 410.10 (2) provides as follows: "Commission of an additional offense, other than a traffic infraction, after imposition of a sentence of probation or of conditional discharge, and prior to expiration or termination of the period of the sentence, constitutes a ground for revocation of such sentence irrespective of whether such fact is specified as a condition of the sentence.”
The statute does not require that the offense be a crime, so a violation is a sufficient basis for a declaration under CPL *258 410.30. (See, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 410.10, at 325.)
WILLFUL VIOLATION
The court finds, based upon a preponderance of the evidence, that the defendant was placed on lifetime probation by this court on July 21, 1989 and he was aware of the terms therein; and that he willfully violated the terms of his probation by (1) failing to pay the restitution of $210; (2) violating laws of the State of Florida; and (3) failing to notify his probation officer of his arrests in the State of Florida.
The finding of the violation of the laws of the State of Florida are based on the defendant’s convictions for the crimes of grand theft motor vehicle (Fla Stat Annot, tit XLVI, former § 812.014 [2] [c] [4]); resisting an officer without violence (Fla Stat Annot, tit XLVI, § 843.02); possession of cocaine (Fla Stat Annot, tit XLVI, former § 893.13 [1] [f]); use or possession of drug paraphernalia (Fla Stat Annot, tit XLVI, § 893.147 [1]); trespass in conveyance (Fla Stat Annot, tit XLVI, § 810.08 [2] [b]) and interference with custody (Fla Stat Annot, tit XLVI, § 787.03).
While the above-mentioned crimes are not completely analogous to crimes under New York law, the court concludes that an exact fit between the elements of a Florida and New York crime is not required especially since at sentencing, the court specified, as a condition of the defendant’s probation: "You are to refrain from violating any Federal, State or Local Law.” (Court exhibit II, at 17, lines 22-25.)
Further, contrary to the provisions of Penal Law §§ 70.04, 70.06, 70.08 and 70.10, dealing with repeat offender status for sentencing purposes, a finding of a violation of probation due to commission of an additional offense under CPL 410.10 does not require that the offense be an offense defined in the New York Penal Law.
In conclusion, based on this finding of a willful violation of the specified terms and conditions of his probation, the defendant’s lifetime probation is hereby revoked.
The Yates County Probation Department is directed to prepare a presentence report and file the same with the court with service of copies on respective counsel within 45 days.
This matter is scheduled for imposition of sentence (CPL 410.70 [5]) on the 4th day of September 1997 at 9:00 a.m.