Richard J. Sherman, J.
This proceeding is in the nature of an application by the defendant for a writ of error coram nobis.
Defendant was convicted of burglary in the third degree by his plea of guilty. At that time the defendant was represented by counsel of his own choice.
The defendant, Roland, was sentenced to a term in the New York State Prison at Dannemora for a term of not less than two nor more than four years. Sentence was suspended, and defendant was placed on probation for a period of five years. At all times defendant was fully informed of his rights. Nowhere do I find that the defendant was not afforded the mantle of protection as required by law.
Subsequently, the defendant was brought before the court charged with the violation of probation. A plea of not guilty was entered in behalf of the defendant. The matter was adjourned to give the defendant an opportunity to secure counsel if he so desired. On the adjourned day, defendant appeared without counsel and pleaded guilty to the charge of violation of his probation, and the original sentence imposed.
The Appellate Division clearly stated in People v. St. Louis (3 A D 2d 883, 884):“ We find no authority, statutory or otherwise, that requires a court to inform a defendant that he has a right to counsel in connection with revocation of probation.”
Another contention raised by the defendant is that his record taken by the clerk of the court was not a sworn statement. The record indicates his record was taken, that the clerk asked him *987 the usual formal questions and that the defendant did answer each of the questions so asked. This statement was not under oath, but it is not such an error as to void the conviction.
At the time of sentence, the court had before it the statistical record as well as a complete probation report.
The other questions raised by the defendant are of no moment. The application by the defendant is denied.
Submit order.