Carlton A. Fisher, J.
The defendant-petitioner is presently confined in the Attica State Prison, pursuant to the sentence of this court imposed on the 11th day of February, 1959, which *1010 sentence directed imprisonment of the defendant for an indeterminate term of not less than 7 nor more than 15 years. It appears that the defendant was convicted on May 6, 1955, upon his plea of guilty to a reduced charge of robbery second degree, that execution of a sentence to the Elmira Reformatory was suspended and the petitioner placed on probation. It further appears that on February 11, 1959, probation was revoked and the defendant sentenced as stated above.
The present application is based upon the defendant’s claim that since he was not represented by counsel, nor advised that he was entitled to representation at the time he was brought before the court as a probation violator, the conviction must be vacated as having been obtained in violation of rights guaranteed to him by the Constitutions of both the United States and the State of New York. At the outset it must be noted that the relief, if any, to which the petitioner might be entitled would necessarily be confined to vacation of the sentence imposed and the return of the petitioner for resentencing. No question is presented here respecting the adequacy of the notice given petitioner as to the acts charged as violations of his probation, nor is there any claim that he was prevented from being heard in answer to such charges. The only contention made by the petitioner and considered here is that he was entitled to be represented by counsel upon the hearing and that the failure to so advise him resulted in a deprivation of that right thereby depriving the court the jurisdiction to proceed with the sentencing. The claim of a right to representation by counsel must be viewed in the context of the powers of the court, inherent or statutory, to alleviate the effects of its judgment through the use of suspended sentences and probation. It was said many years ago by Mr. Chief Justice Hughes with reference to the Federal Probation Act that, “ Probation is thus conferred as a privilege and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted ; he faces punishment and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of broad discretion.” (Burns v. United States, 287 U. S. 216, 220.) And it was observed in that opinion that, “ The question, then, in the case of the revocation of probation, is not one of formal procedure either with respect to notice or specification of *1011 charges or a trial upon charges. The question is simply whether there has been an abuse of discretion, and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action. The Styria, 186 U. S. 1, 9. It takes account of the law and the particular circumstances of the case and ‘ is directed by the reason and conscience of the judge to a just result. ’ Langnes v. Green, 282 U. S. 531, 541. While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice.” (Id., pp. 222-223.)
That case and the later decision in Escoe v. Zerbst (295 U. S. 490) is also authority for the proposition that such “rights ” as may be preserved to one charged as a probation violator are not derived from the Federal Constitution but from the applicable statutory provisions relating to probation. It seems clear also that the Constitution of the State of New York vests no rights in one accused of having violated the conditions upon which sentence is suspended but that such procedural requirements as do exist flow from the legislative acts governing the suspension of sentence coupled with probation. (People ex rel. Kuney v. Adams, 280 N. Y. 794, affg. 256 App. Div. 802.) The applicable section of the Code of Criminal Procedure, section 935, provides for revocation of probation ‘ ‘ after an opportunity to be heard ”. There is no requirement of formal procedure (People v. Oskroba, 305 N. Y. 113; People ex rel. Massengale v. McMann, 8 A D 2d 645; People ex rel. Kuney v. Adams, supra), but “ it would seem elemental that the term contemplates notice to the probationer of the violation charged, with an opportunity to attack or deny the charge ” (People v. Oskroba, supra, p. 117).
The statute does not expressly require the presence of counsel nor, as has been shown, is such representation mandated by constitutional provisions. The Federal counterpart to section 935 is section 3653 of title 18 of the United States Code which requires that the probationer, retaken as a violator, “ be taken before the court.” As has been indicated previously, this language has been construed as extended to the probationer, “ a chance to say his say before the word of his pursuers is received to his undoing.” (Escoe v. Zerbst, supra, p. 493.) In other words, an opportunity to be heard. Later Federal decisions are to the effect that such an opportunity does not require the presence of counsel (Gillespie v. Hunter, 159 F. 2d 410 [C. A. 10th, 1947]; Bennett v. United States, 158 F. 2d 412 [C. A. 8th, 1946]; Cupp v. Byington, 179 F. Supp. 669 [U. S. Dist. Ct., S. D. Ind., 1960]).
*1012 Prior decisions in New York touching upon the question presented are scattered and few have been found in which the proposition has been directly presented and necessarily decided. In City of New York v. Kriegel (124 Misc. 67) it was the opinion of one of the Special Sessions Judges that a probationer was entitled to be represented by retained counsel if he so chose but the question was avoided by finding that the defendant there had not made such a demand. Somewhat similar was the situation in People v. Roland (6 Misc 2d 986) where the defendant, although granted an adjournment to obtain counsel, appeared on the adjourned day without counsel and admitted a violation of his probation. Upon a subsequent coram nobis proceeding it appeared that the defendant raised some question as to the propriety of the probation revocation in the circumstances and while the precise nature of that claim does not appear the County Court disposed of it by quoting from a memorandum decision in People v. St. Louis (3 A D 2d 883, 884) wherein it was stated: “ We find no..authority, statutory or otherwise, that requires a court to inform a defendant that he has a right to counsel in connection with revocation of probation.” However, in the latter case, also a coram nobis application, it seems that the defendant at the time of the application was serving a sentence as a second felony offender based upon a first conviction had some 20 years before in which a suspended sentence and probation had been revoked in the absence of counsel and sentence imposed. In that case, as the court pointed out, the prior conviction could be considered in any event for the purpose of sentence as a second felony offender. Therefore, while the statement quoted is entitled to great weight it is not strictly speaking a ruling necessary to the disposition of the case.
In the Matter of Nunz v. Monroe County Ct. (5 Misc 2d 592) since the court found that the defendant had in fact been represented by counsel upon the probation violation hearing the statement in that opinion that the defendant was not entitled to counsel is dictum. However, the same court in People v. Reynolds (45 Misc 2d 424) held in a coram nobis proceeding that where a defendant admits the violation of a probation charge against him, he is not entitled to counsel. The basis for this distinction is not stated nor does there appear to be any authority in the case law to support it.
There is some authority to indicate that where a probationer requests an opportunity to obtain counsel such a request should be granted (People v. Roland, 6 Misc 2d 986, supra; People v. Valle, 7 Misc 2d 125), and that, in my opinion, states the limit *1013 of the “ right to counsel ” upon a hearing to consider a charge of probation violation.
So far as the present application is concerned, I consider the statement quoted from People v. St. Louis (supra) taken together with the other authorities cited, bearing upon the discretionary nature of both the grant and the revocation of probation as sufficient authority to deny the defendant’s contention here that he was entitled to be advised that he had a right to counsel and that he was entitled to such representation in the absence of any request therefor. Submit order.