William CRESTA, Petitioner,

v.

Thomas C. EISENSTADT, as he is Sheriff for Suffolk County, Respondent.

Misc. Civ. No. 69–40–J.

United States District Court
D. Massachusetts.

July 28, 1969.

**400**

Ronald J. Chisholm, Boston, Mass., for petitioner.

Thomas S. Eisenstadt, Robert H. Quinn, Atty. Gen., Lawrence L. Cameron, Ruth I. Abrams, Asst. Attys. Gen., Boston, Mass., for respondent.

## OPINION

JULIAN, District Judge.

The petitioner, William Cresta, is confined by the respondent Sheriff in the Suffolk County Jail at Boston awaiting trial in a State court. He stands indicted as an accessory before the fact to the December 28, 1968 armed robbery at Boston of a Brink's Incorporated armored car of $542,802.48 in cash and $526,147.96 in checks.[1] Petitioner here seeks a writ of habeas corpus, 28 U.S.C. § 2241, on the ground that his present bail of $100,000 is so excessive as to violate his rights under the Constitution of the United States[2] and the Constitution of Massachusetts.

The Court held a hearing on July 24, 1969. Petitioner was present with counsel.

To the extent that petitioner bases his claim upon an alleged violation of the Constitution of Massachusetts, he fails to state a claim falling within the jurisdiction of this Court. 28 U.S.C. § 2241(c).[3]

As to the claim that petitioner's present bail violates the federal Constitution, the Court observes that the petition, although signed on petitioner's behalf by his counsel, has not been verified as required by 28 U.S.C. § 2242.[4] However, since respondent has not raised the point and, more importantly, since the parties agreed at the hearing as to the essential facts,[5] the Court treats the omission of verification as an oversight and does not explore the matter further.

Petitioner was originally arraigned in the Suffolk County Superior Court on May 14, 1969, on a now-superseded indictment charging the same offense. Bail was established on that occasion in the amount of $250,000. Petitioner subsequently filed a motion for reduction of bail in the Superior Court which on June 30, 1969, reduced the bail to $150,000 on the present, superseding indictment. Over the objection of petitioner, who moved for a speedy trial, the Superior Court set a trial date of September 15, 1969.

Petitioner thereupon applied for a reduction of bail to the Massachusetts Supreme Judicial Court. Following a hearing before a single justice of that court on July 2, at which petitioner requested either an immediate trial or a reduction of bail, petitioner's bail was further reduced to $100,000. The

---

1. Indictment #42575, returned during the June 1969 sitting of the grand jury in Suffolk County.

2. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

3. Section 2254 of Title 28, United States Code, pertains only to State prisoners imprisoned pursuant to a State court judgment. That is not the case here, and the section therefore is inapplicable. See also Section 2241(d) of Title 28.

4. 28 U.S.C. § 2242 provides in pertinent part: "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf. * * *"

5. At the hearing counsel for respondent admitted the truth of all but four paragraphs (Nos. 3–6) in the petition. As to those four paragraphs the only basis for respondent's denying the truth of the allegations was the objection that the facts therein alleged related to the prior, now-superseded indictment (#42,255) returned in May 1969. Counsel for the petitioner agreed that this is so.

present petition was filed in this Court that same day.[6]

■ It does not appear from the petition, nor does it appear from the evidence, that petitioner has exhausted available state judicial remedies by appealing or otherwise presenting his claim to the full bench of the Supreme Judicial Court. Petitioner does not allege in the petition and the evidence does not show that such a remedy is nonexistent or that circumstances exist rendering such process ineffective to safeguard petitioner's rights. Ex parte Hawk, 1944, 321 U.S. 114, 117, 64 S.Ct. 448, 88 L.Ed. 572; cf. 28 U.S.C. § 2254.

Counsel did orally represent at the hearing, however, that the Supreme Judicial Court is now in recess and will not convene until the first Monday of October. Accepting the truth of that unrebutted representation,[7] I proceed to the merits of petitioner's claim.

■■ The issue raised by the petition is whether, under all the circumstances of this case, bail of $100,000 is "higher than an amount reasonably calculated" to fulfill the essential purpose of bail, namely, ensuring the defendant's appearance at trial and preventing his flight. If the bail does not exceed an amount reasonably calculated to fulfill that purpose, it is not "excessive" under the Eighth Amendment. Stack v. Boyle, 1951, 342 U.S. 1, 4–5, 72 S.Ct. 1, 96 L. Ed. 3. Applying that test I find the bail here not to be excessive.

First, the motive for flight on the part of a defendant charged with armed robbery is great. The maximum penalty upon conviction is life imprisonment. M.G.L. c. 265, § 17. Indeed, three co-defendants named in the same indictment are fugitives.

Secondly, petitioner offered no evidence of any kind tending to show the existence of any of the factors normally thought to militate against flight—family and social ties, an established residence and steady employment within the jurisdiction.[8] On the contrary, the representations made at the hearing, without objection, tended to show that petitioner has not engaged in any legitimate employment during the past five years; that he has no established residence in Massachusetts but instead resides for substantial periods of time in another State; and that petitioner associates regularly with persons reputedly engaged in criminal activity. The petitioner himself has a substantial prior criminal record.

Thirdly, the means by which petitioner might attempt flight are possibly present in this case. Without undoing the presumption of innocence to which petitioner is entitled until proven guilty, it is relevant *for purposes of bail* to note that the still unrecovered cash proceeds from the robbery in question exceed half a million dollars.

Fourthly, there is ample reason to believe in this case that the Commonwealth's evidence against petitioner is strong. In this connection the Court notes that the superseding indictment was returned following testimony before the grand jury of an alleged principal in the robbery, one Kelly.

In view of all these circumstances, I rule that the risk that petitioner, if released, might not appear as required in the State court is very great. I further rule that bail in the amount of $100,000 is not excessive and does not violate petitioner's rights under the Eighth Amendment.

In his petition Cresta also purports to base his application for habeas corpus relief upon an alleged denial of his Sixth Amendment right to a speedy trial. At the hearing defense counsel conceded that several co-defendants named in the indictment have not yet been apprehend-

---

6. The hearing in this Court was postponed at the request of petitioner's counsel because of counsel's engagement in another court.

7. See Rule 1:26, Rules of the Supreme Judicial Court of Massachusetts.

8. See 18 U.S.C. § 3146(b).

ed. In view of that circumstance, and since the trial date of September 15, 1969 is only four months, approximately, after the first indictment was returned against petitioner for this offense, I hold that a delay of four months is not unreasonably long. Petitioner's Sixth Amendment rights have not been denied.

The petition for a writ of habeas corpus is denied. It is so ordered.