Gary **ALLEN**, Sr., Petitioner,

v.

William D. **LEEKE**, Director, South Carolina Department of Corrections, Respondent.

Civ. A. No. 70–1126.

United States District Court,
D. South Carolina,
Columbia Division.

April 7, 1971.

Edward A. Harter, Jr., Columbia, S. C., for petitioner.

Daniel R. McLeod, Atty. Gen., Emmet H. Clair, Asst. Atty. Gen., Columbia, S. C., for respondent.

### ORDER

DONALD RUSSELL, District Judge.

This petitioner, a State prisoner, seeks federal relief in *habeas corpus* without prior resort to the State Court. He would justify such by-pass of State remedies with the claim that resort to remedies in the Courts of this State has been established to be ineffective in proceedings such as this. In support of such claim, he seeks to develop through interrogatories,[1] which he requests this Court to approve, that, in proceedings had in *habeas corpus* in various State Courts in this State, on behalf of *other* State prisoners, there has been "inordinate" delay of such character as to establish that State remedies are ineffective. See Smith v. State of Kansas (10th Cir. 1966) 356 F.2d 654. Of course, the petitioner himself has suffered no delay at the hands of the State Court for he has never sought its aid.

As the respondent argues, it is generally true that exhaustion of State remedies, preliminary to resort to the Federal Courts, is strictly required in *habeas* proceedings involving State prisoners. This requirement, however, is "a doctrine of comity; not a definition of power." Hunt v. Warden, Maryland Penitentiary (4th Cir. 1964) 335 F.2d 936, 940. Certain recognized exceptions to the rule have been established. Thus, it has been held that a Federal Court may not refuse to exercise its *habeas* jurisdiction on behalf of a State prisoner "if either (1) there is 'an absence of available State corrective process,' or (2) the factual situation presented in a particular case establishes 'the existence of circumstances rendering such (available State corrective) process ineffective to protect the rights of the prisoner.'" Gray v. Swenson (D.C.Mo.1969) 302 F. Supp. 1162, 1164, aff. (8th Cir.) 430 F. 2d 9; United States ex rel. Lusterino v. Dros (D.C.N.Y.1966) 260 F.Supp. 13, 15–16; United States ex rel. Johnson v. Rundle (D.C.Pa.1968) 286 F.Supp. 765, 767.

Petitioner does not contend that there is not available to him a "State corrective process" for the redress of his claims. The South Carolina Post Conviction Relief Act[2], which is substantially the same as the corresponding Federal Act available to Federal

---

1. Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281.

2. Section 17–601, South Carolina Code of 1962.

prisoners[3], clearly provides him with such a remedy. See Harvey v. State of South Carolina (D.C.S.C.1970) 310 F. Supp. 83, 84. Petitioner's right to by-pass the "State corrective process", rests on the second ground listed above, i. e., that circumstances exist "rendering such process ineffective". To sustain this contention that the State remedy is ineffective, the petitioner relies, as I have already indicated, not on any delay experienced by him individually in the processing of his petition by the State Court (in fact, he hasn't filed one) but on what he claims has been the "inordinate delay" that other *habeas* petitioners have experienced in exercising their rights under the State remedy. What really the petitioner seeks is an adjudication that, in administering the State Post Conviction remedy, the State Courts of South Carolina have been so dilatory generally that exhaustion of State remedies is no longer an essential predicate for the exercise in this District of Federal *habeas* jurisdiction.

Excessive and inordinate delay by a State Court in processing a State prisoner's *habeas* petition has often been held to warrant dispensing with the requirement of exhaustion of State remedies, but the delay has been "inordinate", "excessive" and generally "inexcusable". Thus, in the leading case of Smith v. State of Kansas, *supra*, (356 F.2d at p. 657) the delay was "more than one year". In United States ex rel. Lusterino v. Dros, *supra*, (260 F.Supp. at p. 15) the delay was twenty months. In United States ex rel. Hill v. Deegan (D.C.N.Y.1967) 268 F.Supp. 580, 584, the delay was two years, prompting the Court to comment that "A state remedy so casually and lengthily withheld is not an adequate one". In United States ex rel. Johnson v. Rundle, *supra*, (286 F. Supp. at p. 767) the delay was nineteen months. Cf., Cresta v. Eisenstadt (D. C.Mass.1969) 302 F.Supp. 399, 401, where the fact that the State Court was in recess for the following three months,

thus denying to petitioner any opportunity to a State hearing within such time, warranted disregard of requirement of exhaustion of State remedies.

■ In determining whether there has been excessive and inexcusable delay the proper procedure—and one that accords with the basic spirit of federalism in our system of government—contemplates that the Federal Court should afford the State a reasonable opportunity to justify its delay before dispensing with the requirement of State exhaustion. This follows the conclusion expressed in Barry v. Sigler (8th Cir. 1967) 373 F.2d 835, 838, note 4, that " * * * delay in a state court in and of itself does not present sufficient grounds to merit federal intervention. Only when evidence is produced that shows the state delay is a result of discrimination against the petitioner, amounting to a denial of process, should federal intervention proceed to a hearing upon the merits." In keeping with this procedure, in Dixon v. State of Florida (5th Cir. 1968) 388 F.2d 424, 425, the *habeas* proceeding, dismissed by the District Court for failure to exhaust State remedies, was not returned to the District Court for hearing on the merits but was remanded for an evidentiary hearing on the justification, if any, for a delay of nineteen months by the State Court, with the comment that "an inordinate and unjustified delay in the state corrective process may well result in the frustration of petitioner's rights and be such a circumstance as to render that process ineffective." And, in Jones v. Crouse (10th Cir. 1966) 360 F.2d 157, 158, the Court, after remarking that "an inordinate, excessive and inexcusable delay may very well amount to a denial of due process cognizable in federal court", found that delay of eighteen months by the State Court required justification.

The reason for dealing with the specific case and determining whether there has been delay prejudicial to the particular petitioner and for avoiding any

3. Section 2255, 28 U.S.C.

over-all, inflexible standard is expressed cogently in United States ex rel. O'Halloran v. Rundle (D.C.Pa.1966) 260 F.Supp. 840, 841, where the Court, after quoting with approval from Smith v. State of Kansas, *supra*, (356 F.2d 654), observed that, "Whether a state court has been guilty of 'inordinate' delay in acting upon a habeas corpus petition is, of necessity, a question of comparatives. Delay that would be 'inordinate' in Kansas may be reasonable and unavoidable in Philadelphia. * * * And we cannot help but be sensible of the avalanche of post-conviction proceedings under which the courts of Philadelphia County have been all but buried. For us to attempt to set here a specific deadline for state court action would be unseemly and, at least under the circumstances of this case and at this time, we refuse to do so."

The State Courts of South Carolina—even as the Courts in the *O'Halloran Case*—have experienced in recent years a swelling burden of *habeas* petitions. They were no more organized to deal quickly and efficiently with such petitions than this Court. Undoubtedly there have been delays in processing such petitions by the State Courts, occasionally delays that may have seemed to the petitioners "inordinate", just as there have been such delays in this and other Courts. The State has recognized the problem posed by the mounting tide of *habeas* petitions in recent years and has sought to assure that there are no unnecessary judicial delays. With this in mind it has enacted a Post-Conviction Relief Act. The Supreme Court of this State has gone beyond this and provided rules for the better processing of *habeas* petitions. It is clear then that the State Courts are making an earnest and sincere effort to expedite the disposition of *habeas* petitions and to organize judicial administration so as to give petitioners an easy and expeditious remedy for the redress of any of their constitutional rights. It would set at naught and frustrate all these commendable efforts of the State Courts were this Court to accede to the argument of the petitioner. Moreover, it must be recalled that there are sixteen Circuits in South Carolina, presided over by separate Judges. The work-loads in these Circuits vary widely. It would be no more reasonable to employ the same formula in measuring delays in the several Circuits than it was to compare the judicial work-loads in "Philadelphia and Kansas". By like reasoning, too, what might be "inordinate" delay in one case might not be such in another case. The particular circumstances of each case will determine whether the delay is excessive. What concerns the petitioner is the disposition of his individual complaint. The fact that some other petitioner in some other Circuit on facts different from those in his case had been delayed unduly in his remedy would not establish that he would experience excessive delay.

█ For the above reasons, the petitioner should seek his remedy first in the State Court. If he experiences "inordinate" delay in the disposition of his petition in that Court, he, of course, may apply for, and will receive prompt relief in this Court. But we shall not assume at this stage, without any showing to such effect, that the State Court will fail to deal properly and expeditiously with petitioner's claims. The mere fact that there may have been delay in State Courts in processing *habeas* petitions in the past and in other cases cannot justify the inference that the Court will be dilatory in petitioner's case.

In keeping with the above views, the application of the petitioner for leave to address interrogatories to the respondent in order to inquire into delays in the final disposition of other *habeas* petitions is denied and the petition is dismissed at this time for failure to exhaust State remedies.

And it is so ordered.