OPINION OF THE COURT
Harold Fertig, J.
Defendant makes this motion to dismiss a pending violation of probation on grounds which are both novel and of first impression in the State of New York.
Defendant, Patrick Donlon, was originally charged with burglary in the third degree in violation of section 140.20 of the Penal Law, a class D felony. On March 2, 1979, he pleaded guilty to attempted grand larceny, a class A misdemeanor. On April 23,1979, the defendant was sentenced by this court to three years’ probation with alcohol and drug therapy and counseling as determined by the Probation Department. A violation of probation was filed on August 11, 1980, based upon defendant’s arrest in Brooklyn on a new charge, and for his failure to report to the Department of Probation for four consecutive weeks. On August 18, 1980, the defendant was arraigned on the violation of probation and on or about November 7, 1980 the Legal Aid Society was assigned to represent him on *513 that violation. At the time of his arraignment, August 14, 1980, bail was fixed at $1,000, which the defendant apparently was unable to meet, and he remained in detention from the 14th until the 18th when the bail was reduced to $500 S.I.B. or $250 cash. On August 20, 1980, still in detention, the defendant appeared before the Honorable Joseph DeMaro and was directed by Judge DeMaro that if he was released on bail he was to report to probation for intensive supervision during such release. On that same day, defendant posted bail of $250 cash and was released. The matter was adjourned to September 18,1980 for either a hearing or a conference between the court and defendant’s counsel.
On several occasions thereafter, the hearing was adjourned at defendant’s request for the purpose of bringing certain matters to the court’s attention and to give the defendant an opportunity to show the court that his actions and conduct during that period warranted the court in restoring him to probation. On April 6, 1981, after conferring with defense counsel and reviewing the defendant’s conduct during the entire period between the time the violation was filed and that date, the court restored the defendant to probation. During the period between August 11,1980 when the violation was filed, and April 6,1981 the defendant continued to report to the Department of Probation in compliance with both the orders of Judge DeMaro and the Probation Department. During that period his reporting record and conduct were satisfactory to the Department of Probation. The court subsequently entered an order adding 238 days to the original three-year period of probation in accordance with the provisions of subdivision 2 of section 65.15 of the Penal Law. That section provides: “When a person has violated the conditions of his probation * * * and is declared delinquent by the court, the declaration of delinquency shall interrupt the period of the sentence as of the date of the delinquency and such interruption shall continue until a final determination as to the delinquency has been made by the court pursuant to a hearing held in accordance with the provisions of the criminal procedure law.” (Emphasis supplied.)
*514 The defendant claims that since he continued reporting to the Department of Probation during the 238-day period in question, upon Judge DeMaro’s admonition and at the request of the Probation Department, he should get credit for those days and the statute which provides for the tolling of the period is not applicable. He furthers argues that if he is entitled to receive credit for those 238 days, the original probation period terminated on April 23, 1982, which preceded May 11, 1982, the date the new violation was filed, and such violation should be dismissed since the court no longer had jurisdiction of the defendant.
The substantive acts which caused the second violation to be filed were alleged to have occurred on March 31, 1982, February 25, 1982 and October 2, 1982, when the defendant was charged with criminal possession of stolen property. The court is satisfied that in the State of New York probation may be revoked if the underlying acts occur during the period of probation and the People also file the declaration of delinquency prior to the expiration of the probation term. (See Revocation of probation-term expiration, Ann., 13 ALR4th 1240, 1254; Fishbein v State of New York, 282 App Div 600, mot for lv to app den 282 App Div 1093; People v Valle, 7 Misc 2d 125; People v Cooper, 54 Misc 2d 42; People v Magno, 91 Misc 2d 1058.)
Having made that determination, the court must now determine whether the statute, which provides for the tolling of the period of probation between the time the violation is filed and the time of the final disposition of the alleged violation, should be waived because the defendant actually reported to the Department of Probation during that period.
Prior to the enactment of subdivision 2 of section 65.15 of the Penal Law, once the probationer’s period of probation terminated he was no longer under the court’s jurisdiction, and, unless revocation proceedings were commenced prior to that termination, the court did not have jurisdiction of the defendant (Fishbein v State of New York, supra). Before the enactment of that statute, the only thing that would toll the period of probation was defendant’s removing himself from the jurisdiction of the Probation Department.
*515 Such rights as may be preserved to one charged as a probation violator are not derived from the Federal Constitution but from applicable statutory provisions relating to probation (People v Hamilton, 47 Misc 2d 1009, revd on other grounds 26 AD2d 134). In addition, it has been determined that a defendant has no right to bail on a violation of probation after he has been taken into custody and pending the decision of whether or not the probation should be revoked. (See Killinger, Kerper & Cromwell, Jr., Probation and Parole in the Criminal Justice System, p 179; CPL 410.60; see, also, Matter of McBride, 108 Tex Cr Rep 618; People v Youngs, 23 Cal App 3d 180.)
Whereas CPL 530.40 (subd 1) provides, “When the defendant is charged with an offense or offenses of less than felony grade only, the court must order recognizance or bail”; CPL 410.60 relating to violation of probation states, “If the court has reasonable cause to believe that such person has violated a condition of the sentence, it may commit him to the custody of the sheriff or fix bail or release such person” (emphasis supplied).
In People ex rel. Robinson v Warden, N. Y. City Correctional Inst. for Women (58 AD2d 559), it was determined that, “A probation term differs from a prison term in that it is intended to afford a sentencing court an opportunity to determine whether its confidence is misplaced”. And, in Vinson u Department of Probation (472 F Supp 1112), where a probationer served a period of probation and a new sentence was imposed, the probationer was not entitled to any credit for time served on probation. That court (p 1114), referring to New York law, also held that, “A warrant properly issued during a sentence of probation would seem unquestionably to toll the running of the probation period and therefore the probationary period has not lapsed * * * It is clear, moreover, under the provisions of New York Criminal Procedure Law § 410.70, that a probationer in violation of his conditions of his probation may be sentenced to a term of imprisonment without credit for time already spent on probation. Cf. People v. Gilmore, 63 A.D.2d 45, 407 N.Y.S.2d 48 (2nd Dept. 1978).” (See, also, People v Roesler, 102 Misc 2d 858.) In People v Johnson (43 AD2d 878, 879), the court pointed out that *516 common sense tells us that we must reject the proposition that a probationer receive credit against a subsequent jail sentence for any time served on probation, on the reasoning that once a defendant on three years’ probation committed any violation after one year he would do so with impunity since the maximum sentence he could receive is one year and the credit for probation would eliminate that year’s possible sentence (see, also, People v Chiominto, 86 Misc 2d 1096).
The opposite has also been determined, that is, credit for time served plays no part in the calculation for a period of probation, where a defendant is actually serving time awaiting a determination on a hearing of whether the violation which was filed, is to be finalized as a violation. The time during which he was incarcerated, after the violation was filed until a final determination is made at a hearing, is not deducted from the calculation of a period of probation (People ex rel. Candella v Director of Marcy Psychiatric Center, 88 Misc 2d 44).
Although probation is a deprivation of an individual’s rights to freedom, a probationer’s rights are derived only from applicable statutes and not from the Federal Constitution (People v Hamilton, supra), and a probationer has no absolute right to bail upon a declaration of delinquency. The provisions of section 65.15 of the Penal Law provide for the tolling of the time period between the time the violation is filed and the final determination and resentencing of the defendant and even a defendant who spends time in jail, awaiting such a hearing and final determination, cannot receive credit for that period of jail time nor can he receive credit for a period served on probation, should he be sentenced to jail after a final determination, even where the probationary period included confinement in a drug rehabilitation center (.People ex rel. Robinson v Warden, N. Y. City Correctional Inst, for Women, supra). It would be inconsistent with the meaning of the statute for him to receive credit for time during which the statute provides the period tolls, merely because he was directed to continue reporting while awaiting the hearing. Moreover, in this case, the defendant requested the adjournments for the purpose of influencing the court as to his good conduct and *517 to encourage the court to restore him to probation. See, also, People v Davidson (25 Cal App 3d 79), in which the court held that the probation term had tolled regardless of whether the statute was complied with, since it was the defendant himself who requested an adjournment of the proceeding for a narcotics commitment instead of the court revoking probation and was, therefore, estopped from taking advantage of such extension. The period of probation was extended for the period of time the defendant was confined at a drug rehabilitation center.
Here, the statute was clear: the period was tolling. The defendant knew that the period was tolling and it was at the defendant’s request and for his benefit that the final disposition, whether he was guilty or not guilty of the violation, was adjourned.
In addition, the requirement that the defendant report to probation was made as a condition of the defendant’s release on bail. Judge DeMaro, on October 20, 1980, prior to the time that bail was posted, while the defendant was still in his jurisdiction, stated: “If the defendant should be released on bail during this period of time, he will be subject to intensive supervision at the direction of the Probation authorities”.
It is clear, therefore, that the defendant’s application should fail. Two hundred and thirty-eight days tolled and the subsequent termination date of the probation extended beyond the date of May 11,1982, the date the new violation was filed. Since the underlying acts for the new violation took place and the violation was filed prior to that termination date, the court had jurisdiction of the defendant, and the motion is denied.
Defendant is directed to appear for a hearing on the new violation, Criminal Term, Part 2, on December 3, 1982.