902 F.2d 1565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert HOLLEY, Plaintiff-Appellant,
v.
Edward J. ANGELETTI, Judge; States Attorney for Baltimore
City, Defendants-Appellees.
 No. 89-7808.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 18, 1989.
Decided April 20, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C Howard, District Judge. (C/A No. 89-2386-JH)
 Robert Holley, appellant pro se.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert Holley appeals the district court's order dismissing his action complaining of delay in the Circuit Court for Baltimore City regarding his post-conviction petition. The state court proceeding was initiated after this Court dismissed Holley's previous petition for habeas corpus relief for failure to exhaust state remedies. Holley v. Brown, No. 88-7545 (4th Cir. May 31, 1988) (unpublished).
 
 
 2
 As noted in Allen v. Leeke, 328 F.Supp. 292 (D.S.C.1971), excessive and inordinate delay by a state court in processing a prisoner's habeas petition has often been held to warrant dispensing with the requirement of exhaustion.[1] Exhaustion of state remedies is a matter of comity between the federal and state courts, not a jurisdictional prerequisite. See Galtieri v. Wainwright, 582 F.2d 348, 354 (5th Cir.1978). A "federal court need not require exhaustion when inexcusable or inordinate delay by the state in processing claims for relief makes that remedy ineffective." O'Halloran v. Ryan, 835 F.2d 506, 509 (3d Cir.1987).
 
 
 3
 In determining whether the delay has been excessive and inexcusable the federal court should afford the state an opportunity to justify its delay before dispensing with the exhaustion requirement. Allen, 328 F.Supp. at 294. However, "[o]nly when evidence is produced that shows the state delay is a result of discrimination against the petitioner, amounting to a denial of process, should federal intervention proceed to a hearing upon the merits." Id.
 
 
 4
 Since Holley's complaint requested only that the district court issue mandamus relief to move his case along in the state system, the district court correctly dismissed the action. Federal courts have no mandamus authority over a state's personnel. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586 (4th Cir.1969); Craigo v. Hey, 624 F.Supp. 414 (S.D.W.Va.1985).[2] If Holley continues to feel that the state court's delay is excessive then he may file a habeas petition in federal district court alleging that inordinate delay warrants dispensing with further exhaustion of state remedies. Accordingly, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 In Allen the court found that delay in the state's processing of the habeas petitions of other prisoners was not sufficient to warrant waiving the exhaustion requirement in that case. The court cited several cases where the delay had been found to be excessive and generally inexcusable: Smith v. Kansas, 356 F.2d 654 (10th Cir.1966), cert. denied, 389 U.S. 871 (1967) (delay of more than one year); United States ex rel. Lusterino v. Dros, 260 F.Supp. 13 (S.D.N.Y.1966) (delay of twenty months); United States ex rel. Johnson v. Rundle, 286 F.Supp. 765 (E.D.Pa.1968) (delay of nineteen months); Cresta v. Eisenstadt, 302 F.Supp. 399 (D.Mass.1969) (fact that state court was in recess for the following three months, thus denying prisoner opportunity to state hearing in that time, warranted disregard of exhaustion requirement)
 
 
 [2]
 The district court properly noted that any request for damages from the defendant would be denied due to judicial immunity. Stump v. Sparkman, 435 U.S. 349 (1978)