Steven NOWACZYK

v.

The STATE OF NEW HAMPSHIRE,
et al.

No. C–94–507–L.

United States District Court,
D. New Hampshire.

Feb. 7, 1995.

Steven Nowaczyk, pro se, Brentwood, NH.

Mark D. Attorri, Concord, NH, for defendants.

## ORDER

LOUGHLIN, Senior District Judge.

Currently before the court is plaintiff, Steven J. Nowaczyk's Petition for Writ of Habeas Corpus.  Docs. 3 and 4.

## BACKGROUND

The petitioner, Steven Nowaczyk, was arrested by the North Hampton police on February 2, 1994, on a complaint of criminal stalking.  RSA 633:3–a.  At the time of the

arrest, petitioner was on probation from a federal conviction involving bank fraud. Because of the probation status of petitioner, the Hampton District Court ordered that he be detained for 72 hours pursuant to RSA 597:2, V(c). The court further ordered that upon the expiration of the 72–hour period, the petitioner would be eligible for bail, which was set at $500.00 cash. *See* Order Re: Arraignment (February 4, 1994) in *State v. Nowaczyk*, No. 94–192 (Hampton Dist.Ct.).

On February 4 or 5, 1994, the petitioner was again arrested, this time on felony charges of arson, conspiracy to commit arson, and criminal solicitation. *See State v. Nowaczyk*, Nos. 94–225, 94–226, 94–227 (Hampton Dist.Ct.). Subsequent to the arrest, the Hampton District Court ordered that petitioner be detained for 48 hours and set bail on the felony charges at $25,000.00 cash.

On February 8, 1994, the district court reviewed *in camera* sworn statements purporting to establish "a reasonable risk that the defendant if bailed would be dangerous to others." *See* Bail Order (February 8, 1994) in *State v. Nowaczyk*, Nos. 94–225 *et seq.* Pursuant to this review the court revoked the petitioner's bail and ordered him held without bail. Also on February 8, 1994, the United States District Court for the Middle District of Florida issued an order for petitioner's arrest, based on his violation of terms of his federal probation. *See* Order of Court on Petition on Probation and Supervised Release (February 8, 1994) in *United States v. Nowaczyk*, No. 91–125–Cr–T–17 (M.D.Fla.).

On February 11, 1994, a lengthy bail hearing was held in the Rockingham County Superior Court. During the course of this hearing, the State presented evidence that the petitioner had a history of violent behavior, that he had threatened to kill certain witnesses if they cooperated with the authorities. There was also testimony from witnesses stating that they had heard petitioner state his intention to flee the jurisdiction if he ever succeeded in obtaining his release on bail. *See, e.g.*, Transcript of Bail Hearing (February 11, 1994) in *State v. Nowaczyk*, No. 94–S–455 (Rockingham Cty.Super.Ct.) at

55, 68, 88, 102, 111. After considering this evidence, the court set bail for petitioner at $250,000 cash or corporate surety, and in the event petitioner did not post bail, he would be required to execute a waiver of extradition.

The petitioner was ultimately indicted by the Rockingham County grand jury on 20 separate felony counts including arson, conspiracy, criminal solicitation, kidnapping, criminal restraint, witness tampering, felonious use of a firearm, and being a felon in a possession of a firearm.

In April 1994, prior to his trial on the indictments, the petitioner moved the Superior Court to reduce his bail. During the course of the hearing, the petitioner presented testimony that he claimed contradicted the State's evidence at the earlier bail hearing. However, during the course of the hearing, one of the petitioner's own witnesses provided testimony concerning the petitioner's stated intention to flee the jurisdiction. *See* Transcript of Bail Review Hearing (April 19, 1994) at 42. The court denied the petitioner's motion to reduce bail. *See* Order on Defendant's Motion for Reduction of Bail (April 19, 1994).

On or around April 22, 1994, the petitioner filed a request for habeas corpus relief in the Rockingham County Superior Court, alleging he had been held illegally without bail prior to the February hearing and the bail set by the Superior Court was unreasonable. *See* Original Petition for Writ of Habeas Corpus. The petitioner filed the habeas application *pro se*, despite the fact that he was represented by counsel. The Superior Court denied petitioner's request for habeas relief. The court held that the bail that was set was not unreasonable or excessive:

> The charges against the Defendant are most serious in nature; additionally, the Defendant was on federal probation at the time the charges arose. Multiple witnesses testified, rather persuasively, that Defendant had either threatened them or indicated to them that he planned to take his family and flee the jurisdiction of this Court if he was released. Defendant's claims to "longstanding" ties to the community are unpersuasive.

Order on Petition for Habeas Corpus (April 26, 1994) at 2.

The New Hampshire Supreme Court declined to consider the petitioner's appeal from the Superior Court's order. *See* Order (October 25, 1994) in *Petition of Steven Nowaczyk*, No. 94–285 (N.H.).

On November 30, 1994, petitioner was found guilty on the first seven of the twenty indictments. The maximum possible punishment on the seven charges is 14 to 28 years imprisonment. Sentencing was set for January 13, 1995. As to the thirteen remaining indictments, petitioner's trial on these counts is still pending.

Having exhausted his state court remedies concerning the bail issue, the petitioner now files the instant motion for habeas corpus relief. Docs. 3 and 4. His petition alleges that, in violation of the Eighth Amendment to the United States Constitution, he was illegally held on no bail status from February 2, 1994, and on excessive bail since February 11, 1994. Plaintiff also alleges violations under state law. However, violations of state law are not cognizable on federal habeas corpus review. 28 U.S.C. § 2254(a). The petition for writ of habeas corpus does not contain any assertions by petitioner that he was handicapped in consulting counsel, searching for evidence and witnesses, or preparing for a defense.

## DISCUSSION

The federal habeas corpus statute, 28 U.S.C. § 2254, provides that federal courts accord a presumption of correctness to the factual determinations made by a state court after a hearing on the merits unless one of the following eight circumstances in 28 U.S.C. § 2254(d) is found to exist, *Miller v. Fenton*, 474 U.S. 104, 117, 106 S.Ct. 445, 453, 88 L.Ed.2d 405 (1985):

(1) that the merits of factual dispute were not resolved in the State court hearing;

(2) that the fact finding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitution right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding;

(7) that the applicant was otherwise denied due process of law in the state court proceeding; or

(8) unless the part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record.

Having found none of the eight circumstances of § 2254(d) applicable to this case, the burden now rests on petitioner to establish by convincing evidence that the State court's determinations are erroneous. 28 U.S.C. § 2254(d).

The scope of this court's review under 28 U.S.C. § 2254(a) is limited. The function of this court is simply to determine whether the New Hampshire courts have detained Mr. Nowaczyk in violation of his constitutional rights. Succinctly, the court must determine whether the New Hampshire courts have ordered Nowaczyk held in violation of the Eighth Amendment prohibition, as incorporated into the Fourteenth Amendment, that "[e]xcessive bail shall not be required." *See United States ex rel. Garcia v. O'Grady*, 812 F.2d 347 (7th Cir.1987). With the above principles in mind, the court now turns its attention to Mr. Nowaczyk's petition for relief.

## I. Denial of Bail

■ Petitioner's first contention is that he was wrongfully and illegally held without bail from February 2, 1994 until February 11, 1994.

■ At the outset, the Eight Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required...." U.S. Const. amend VIII. "This Clause, of course, says nothing about whether bail shall be available at all." *United States v. Salerno*, 481 U.S. 739, 752, 107 S.Ct. 2095, 2104, 95 L.Ed.2d 697 (1987). Courts have held that "the Eighth Amendment does not imply the existence of an absolute right to bail...." *United States v. Melendez–Carrion*, 790 F.2d 984, 997 (2nd Cir.1986). *See Carlson v. Landon*, 342 U.S. 524, 544–46, 72 S.Ct. 525, 536–37, 96 L.Ed. 547 (1952).

In light of the fact that petitioner was on federal probation at the time he was charged with new crimes, and was reasonably perceived by the state court as being dangerous and "a reasonable risk ... if bailed ... to others", it was not error for the state court to deny bail. *See* Bail Order (February 8, 1994) in *State v. Nowaczyk*, Nos. 94–225 et. seq. *See Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

■ Finally, with respect to the denial of bail by the state court for a period of time, the only relief this court could grant with respect to the issue of "no bail" would be to order that the petitioner be afforded a bail hearing. As two hearings concerning petitioner's bail have already taken place, petitioner's contention that this court should review his detention on "no bail" status is effectually moot.

## II. Excessive Bail

■ Plaintiff's next contention is that the bail ultimately set ($250,000) by the Rockingham County Superior Court is unconstitutionally excessive.

■ In assessing a federal habeas corpus review, a federal court "does not sit in appellate review of the state court's exercise of judicial discretion." *Young v. Hubbard*, 673 F.2d 132, 134 (5th Cir.1982). After all, a federal court reviewing bail

> cannot be expected to conduct a *de novo* bond hearing for every habeas corpus case that comes before it. This would not only further burden the federal court system that now is having difficulty dealing with the increasing number of habeas corpus petitions, but would also represent an *unwarranted interference in the operation of the states' criminal justice system.*

*United States ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1133 (7th Cir.1984) (emphasis added).

A federal court is also not empowered to "substitute its opinion as to what an appropriate amount of bail should be." *United States ex rel. Garcia*, 812 F.2d at 355. Instead, "the only issue [a federal court may consider] ... is whether the state judge has acted arbitrarily" in setting petitioner's bail. *Id.* (quoting *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir.1972)).

The United States Supreme Court has held that bail is not excessive under the Eighth Amendment if it is "reasonably calculated" to ensure a defendant's appearance at trial and preventing his flight from the jurisdiction. *Stack v. Boyle*, 342 U.S. 1, 5, 72 S.Ct. 1, 3, 96 L.Ed. 3 (1951); *See also United States ex rel. Garcia*, 812 F.2d at 347; *Cresta v. Eisenstadt*, 302 F.Supp. 399, 400 (D.Mass 1969).

> "Excessive bail is an amount greater than that which is reasonably necessary to ensure that the defendant will be present at trial. 'As long as the primary reason in setting bond is to produce the defendant's presence, the *final amount,* type, and other conditions of release are within the sound discretion of the releasing authority, and [a court] may review only for an abuse of that discretion.' *United States v. James*, 674 F.2d 886, 891 (11th Cir.1982)."

*United States v. Zylstra*, 713 F.2d 1332, 1337 (7th Cir.1983) (emphasis added).

"Only if the choice [of set bail] is 'arbitrary'—that is, only if it is way off the mark to conclude that a certain amount of bond is within the constitutional standard—may a federal court issue the writ." *United States*

*ex rel. Garcia,* 812 F.2d at 357. *See also Mastrian v. Hedman,* 326 F.2d 708, 711 (8th Cir.), *cert. denied,* 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964).

Considering the above stated principles and limitations, this court finds that the bail set for petitioner by the state court was not excessive.

First, as enunciated by the state, at the time petitioner was charged with serious felony counts, he was on federal probation. Thus, the conception, by petitioner, of the consequences of violating federal probation certainly would provide an impetus to flee the jurisdiction following the posting of bail.

Second, petitioner was charged with twenty serious felony counts. If convicted on these counts, petitioner faces a maximum possible punishment of in excess of 100 years in prison. Therefore, considering the length of time petitioner, if convicted, may serve, there is a very real concern that petitioner may have an incentive to flee.

Third, although petitioner offers that "his employment, family ties, and residence within the states makes his failure to appear unlikely" (Doc. 3), petitioner offered little credible evidence at the hearings to support the existence of any factors tending to militate against his flight from the jurisdiction. In fact, testimony of witnesses offered at a hearing expressed that petitioner himself indicated his intention to leave the jurisdiction. *See, e.g.,* Transcript of Bail Hearing (February 11, 1994) in *State v. Nowaczyk,* No. 94–S–455 (Rockingham Cty.Super.Ct.) at 102, 111.

Fourth, there are a number of sworn statements which indicate "a reasonable risk that the defendant if bailed would be dangerous to others." *See* Bail Order (February 8, 1994) in *State v. Nowaczyk,* Nos. 94–225 *et. seq.* Succinctly, testimony at the hearings revealed that petitioner has a history of violent behavior and that he threatened to kill certain witness if they cooperated with authorities. *See, e.g.,* Transcript of Bail Hearing (February 11, 1994) in *State v. Nowaczyk,* No. 94–S–455 (Rockingham Cty.Super.Ct.) at 55, 68, 88.

Fifth, as of this date, petitioner has already been found guilty of charges stemming from criminal solicitation, witness tampering and conspiracy to commit arson. Trial for certain remaining charges is still pending. Although hindsight may be 20/20 for this court, the court nonetheless opines that at the time the state court was faced with setting bail, there was ample reason for the state court to believe that the evidence against petitioner was compelling. This inference derives from the fact that there was testimony from petitioner's acquaintances which tended to implicate petitioner in certain crimes involving criminal solicitation, witness tampering, conspiracy to commit arson, felon in possession of a firearm, kidnapping, criminal restraint, felonious use of a firearm, or arson.

In view of all of these circumstances, this court is not prepared to hold that the state court went beyond the range within which judgments would rationally or reasonably differ in relation to the apparent elements of the situation. Further, based on a review of the transcripts and pleadings, the actions taken by the state court do not effectually amount to legal arbitrariness so as to constitute a violation of the Eighth Amendment, due process or equal protection. Therefore, the court opines that there is not convincing evidence that the bail set by the Rockingham County Superior Court was excessive.

Even assuming this court were able to conclude that bail for petitioner was wrongly denied or was excessive, the court is nonetheless cognizant of the fact that petitioner, in his assertion of Constitutional violations, has failed to allege any requisite form of substantive harm or damages deriving from the "no bail" status or the setting of excessive bail. *See Stack v. Boyle,* 342 U.S. 1, 8, 72 S.Ct. 1, 5, 96 L.Ed. 3 (1951).

Accordingly, the Petition for Writ of Habeas Corpus (Docs. 3 and 4) under 28 U.S.C. § 2254 is denied.