The Honorable Paul R. Bosson Prosecuting Attorney Eighteenth Judicial District, East 501 Ouachita Avenue Hot Springs, Arkansas 71901
Dear Mr. Bosson:
This is in response to your request for an opinion on three questions involving the procedure for revocation of probation. You note, initially, that A.C.A. § 5-4-309 authorizes a law enforcement officer to arrest a defendant without a warrant if the officer has reasonable cause to believe that the defendant has failed to comply with a condition of his suspension or probation. Your three questions in this regard are as follows:
 1. Can the person be held without bond pending a probable cause hearing?
 2. Does the 48-hour requirement on a felony warrantless arrest apply to a warrantless arrest on a probation violation?
 3. Once a probable cause determination has been made, is the State under any time constraints [other] than the sixty-day speedy trial requirement?
RESPONSE
It is my opinion that the answer to your first question is "yes." In many instances, there may be no right to bail at all, either pending the "probable cause hearing"[1] or thereafter, because the defendant has already been "convicted." But certain dispositions, including those under Act 346 of 1975, depending upon the facts surrounding the judge's order, may not be "convictions," and the defendant may have an entitlement to a bail determination between the preliminary hearing and the "sixty-day" revocation hearing. In my opinion, however, all probationers arrested for violation of a condition of probation may be held without bond pending their preliminary or "probable cause" hearings. As for your second question, the law is somewhat unsettled on this point. A prompt preliminary hearing on probable cause is required after a warrantless arrest for a probation violation. The cases and statutes applicable to probation revocation, however, do not mention a forty-eight hour time limit, as is the case with other warrantless arrests. In response to your third question, once a prompt preliminary or probable cause hearing is held, in my opinion the only other time constraint is the sixty-day limit in which the probation revocation hearing must be held.
Question 1 — Can the person be held without bond pending a probable causehearing?
The Arkansas Constitution grants the right to bail to all persons before conviction, except for capital offenses, when the proof is evident or the presumption great. Arkansas Constitution, art. 2, § 8. See also A.C.A. §16-84-110 (allowing bail before conviction in certain instances).[2]
Persons on probation, however, have usually already been "convicted." The general rule in such instances therefore appears to be that there is no right to bail pending a determination as to whether probation should be revoked. See generally, 8 C.J.S. Bail § 14 at p. 29. See also Ex parteHarris, 946 S.W.2d 79 (Tex. Ct. Crim. App. (1997); People v. Donlon,117 Misc.2d 512, 458 N.Y.S.2d 130 (1982), citing "Probation and Parole inthe Criminal Justice System" by Killinger, Kerper and Cromwell, Jr. page 179; and Ex Parte Jones, 460 S.W.2d 428 (Tex Ct. Crim. App. 1970).
Notwithstanding what appears to be the general rule, the Arkansas Supreme Court has held that a defendant sentenced under Act 346 of 1975 (the "First Offender Act"), was not yet "convicted," and as such, was entitled to bail pending the sixty-day revocation hearing. See Duncan v. State,308 Ark. 205, 823 S.W.2d 886 (1992). The court placed primary reliance upon the fact that the trial court that sentenced Duncan did not accept his tendered guilty plea.
The trial judge below "reasoned that defendants facing a revocation hearing have already been convicted, which differentiates those defendants from ones who have merely been accused of committing a crime."308 Ark. at 206. The Arkansas Supreme Court stated, however, that:
 We agree that Duncan's situation is different from the unconvicted accused because prior to the charges of possession and delivery of a controlled substance Duncan tendered a plea of guilty to a felony, despite the fact that it was deferred under Act 346. But we cannot agree that the deferment as provided under Act 346 is the equivalent of a conviction. A conviction is defined in Ark. Code Ann. 16-85-712 (3) (1987) as a `. . . plea of guilty accepted by the court.' In this case it is clear that Duncan's guilty plea was not yet accepted by the court.
308 Ark. at 207.
The court thus concluded that Duncan was "entitled to a hearing in which a proper inquiry is conducted concerning the propriety of his release on bail. See Ark. R. Crim. P. 8.5 and 9.2." Id. at 207.
It appears that the Duncan court envisions, therefore, that an Act 346 defendant, if never "convicted," is entitled to a determination of pre-trial release at the initial appearance of the defendant under A.C.A. § 5-4-310. The Duncan court reversed the lower court on the failure to determine pre-trial release for Duncan at that appearance.
To summarize, therefore, your first question is whether a probationer may be held without bond "pending a probable cause determination." In my opinion the answer to this question is "yes." In all cases, a probationer arrested for violation of probation or suspension may be held without bond pending the preliminary hearing required by A.C.A. § 5-4-310. If the defendant has been sentenced under Act 346 of 1975, and the sentencing court did not accept the defendant's guilty plea, the pre-trial release of the probationer must be taken up at the preliminary hearing under the Arkansas Supreme Court's ruling in Duncan. If the probationer was not sentenced under Act 346, and has already been "convicted," it is my opinion that there is no absolute right to bail either before or after the preliminary hearing. This latter type of probationer may be held without bond pending the preliminary hearing and pending the revocation hearing, which must be conducted within sixty days.
Question 2 — Does the 48-hour requirement on a felony warrantless arrestapply to a warrantless arrest on a probation violation?
It is my opinion that the answer to this question is unsettled under current law. There does not appear to be any controlling law, however, either statutory or judicial, which requires this hearing to be conducted within forty-eight hours.
The "48-hour requirement" refers to the probable cause determination that must be made by a judicial officer within forty-eight hours after a warrantless arrest. This is a requirement of the Fourth Amendment as detailed in the decisions in Gerstein v. Pugh, 420 U.S. 103 (1975) andCounty of Riverside v. McLaughlin, 500 U.S. 44 (1991). See also Ark. Rule Crim. Pro. 4.1(e). Absent a warrant, no probable cause determination has been made before the arrest by a detached judicial officer. In order to facilitate effective law enforcement methods while still protecting the constitutional rights of defendants, warrantless arrests are allowed, with a prompt probable cause determination to be made thereafter by a neutral, detached judicial officer. See Gerstein, supra. The United States Supreme Court defined the necessary "promptness" in Riverside,
stating: ". . . we believe that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein."500 U.S. at 56. Even if such a hearing is conducted within 48 hours, a defendant might still prove a Gerstein violation if the delay was unreasonable. Id.
The timeliness of a probable cause determination for the arrest of a probationer for violation of probation or suspension, however, does not appear to be governed by these authorities, but rather by A.C.A. §§5-4-309; 5-4-310; and the decisions in Morrissey v. Brewer, 408 U.S. 471
(1972) and Gagnon v. Scarpelli, 411 U.S. 778 (1973). The Arkansas statutes were adopted in 1975 to comply with the United States Supreme Court decisions in Morrissey and Gagnon. See Robinson v. State,14 Ark. App. 38, 684 S.W.2d 824 (1985). Morrissey and Gagnon predate theGerstein decision. These cases require a prompt determination of probable cause after an arrest for revocation of parole or probation. In response to your second question, however, no specific time limit is set in these cases or in the Arkansas statutes as to when this hearing must be held.
The decisions in Morrissey and Gagnon do not set any concrete time limitation. Morrissey stated merely that: "[d]ue process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly asconvenient after arrest while information is fresh and sources are available." 408 U.S. at 485 (emphasis added). The Gagnon court merely adopted the Morrissey rule for probationers. 411 U.S. at 782 ("we hold that a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in Morrissey v.Brewer, supra").
Section 5-4-309(c) provides that: "[a] defendant arrested for violation of suspension or probation shall be taken immediately before the court which suspended imposition of sentence [or] before the court supervising the probation." A.C.A. § 5-4-309(c) (emphasis added). The other statute provides that a preliminary probable cause hearing shall be conducted by a court having original jurisdiction to try criminal matters "as soon aspracticable after arrest" and reasonably near the place of the alleged violation or arrest. A.C.A. § 5-4-310(a)(1) and (2) (emphasis added). Under this statute, the judge conducting the preliminary hearing, if he or she finds probable cause, shall order the defendant held for further revocation proceedings (the "sixty-day" hearing) before the court that originally suspended imposition of sentence or placed the defendant on probation. A.C.A. § 5-4-310(a)(5).[3]
These cases and statutes therefore set no definite time limit. TheGerstein decision, and the later Riverside decision clarifying it, set the forty-eight hour presumption. There is no clear indication from these cases, or from any other United States Supreme Court, federal, or state case I have found, as to whether the forty-eight hour time limit mentioned in Riverside applies to probation revocations. A footnote in the 1975 Gerstein decision mentions Morrissey and Gagnon, and notes the difference between probation and parole revocation hearings on the one hand, and ordinary warrantless arrest probable cause hearings on the other:
 In Morrissey v. Brewer, 408 U.S. 471 (1972) and Gagnon v. Scarpelli, 411 U.S. 778 (1973), we held that a parolee or probationer arrested prior to revocation is entitled to an informal preliminary hearing at the place of arrest, with some provision for live testimony. 408 U.S., at 487; 411 U.S. at 786. That preliminary hearing, more than the probable cause determination required by the Fourth Amendment, serves the purpose of gathering and preserving live testimony, since the final revocation hearing frequently is held at some distance from the place where the violation occurred. 408 U.S., at 485; 411 U.S., at 782-783, n. 5. Moreover, revocation proceedings may offer less protection from initial error than the more formal criminal process, where violations are defined by statute and the prosecutor has a professional duty not to charge a suspect with crime unless he is satisfied of probable cause.
420 U.S. at 121, n. 22.
This note indicates the differences in probation-revocation preliminary hearings, and warrantless-arrest probable cause hearings. If the former are held for the purpose of eliciting live testimony, it would seem that more time may be required to arrange such testimony. No further guidance is given by the Court on this point, however. The 1991 Riverside
decision, which discusses the forty-eight hour presumption, does not mention Morrissey, Gagnon, or probationers.
I have found no court case that clearly addresses the issue of whether a probationer or parolee is entitled to a hearing within forty-eight hours of arrest for violation of probation or parole. But see, Tilson v.Forrest City Police Department, 28 F.3d 802 (8th Cir. 1994) at n. 14 (differentiating the informal preliminary hearing afforded a parole violator from the "probable cause" hearing afforded an ordinary warrantless arrestee, citing Morrissey and Gerstein quoted above). (The dissenting judge in Tilson made no such distinction, believing that the defendant was really arrested as a murder suspect, and not as a parole violator, and as such was entitled to the Riverside hearing. Id. at 810-814.) Some state courts have touched upon the issue, but do not appear to be in agreement. Compare State v. Martinez, 198 Wis.2d 222,542 N.W.2d 215 (1995) (there was no Riverside violation where defendant was placed by Department of Correction on "probation hold" and held for one week; he was not entitled to Riverside hearing until substantive criminal charges were filed); with Baker v. State, 927 P.2d 577 (Okla. 1996) (suggesting in dicta that if a probationer were arrested without a warrant for probation violation, he would be entitled to a Riverside
hearing within forty-eight hours). Cf. also, Dunavin v. State,18 Ark. App. 178 (1986) (where defendant was arrested for violating suspended sentence on ground that he committed a criminal act, Gerstein
probable cause hearing on the substantive offense served same purpose as a Gagnon preliminary hearing, and holding a such a preliminary hearing would have been "redundant").
The law on this question is therefore not clearly defined. In my opinion, however, the preliminary hearing held for probation revocation is procedurally, if not substantively, distinct from the hearing required byGerstein and Riverside. In my opinion the forty-eight hour presumption in all likelihood does not apply to probation revocations. The exact promptness required for this hearing is not delineated. Judicial or legislative clarification, however, will be necessary to definitively decide the answer.
Question 3 — Once a probable cause determination has been made, is theState under any time constraints [other] than the sixty-day speedy trialrequirement?
As noted above, the statutes and cases require a preliminary hearing for defendants arrested for violations of probation. The time limit for this hearing is not clearly defined. Once an acceptable preliminary hearing is held pursuant to the cases and statutes, however, the only other procedural time limit appears to be the sixty-day revocation hearing requirement imposed by A.C.A. § 5-4-310 (b)(2).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Your question uses the term "probable cause hearing." This type of hearing with regard to a probationer, however, is simply referred to as a "preliminary hearing" in A.C.A. § 5-4-310(a)(1). Its purpose, is, however, to determine if reasonable cause exists that the defendant has violated a condition of suspension or probation.
[2] State law apparently controls this question. Although theEighth Amendment to the United States Constitution protects against "excessive bail," it has not been construed as granting an absolute right to bail. See e.g., U.S. v. Bilanzich, 771 F.2d 292 (7th Cir. 1985); U.S. v.Fernandez-Toledo, 737 F.2d 912 (11th Cir. 1984); and Nowaczyk v. State ofNew Hampshire, 882 F.Supp. 18 (D.N.H. 1995). The Eighth Amendment does not guarantee a right to bail pending revocation of probation. In reWhitney, 421 F.2d 337 (1st Cir. 1970); U.S. ex rel. Dereczynski v.Longo, 368 F.Supp. 682 (N.D. Ill. 1973), aff'd 506 F.2d 1403 (7th Cir. 1974).
[3] The procedures outlined in these two statutes seem at odds with each other. It should be noted, however, that § 5-4-310(d)(3) provides that no preliminary hearing need be held if the revocation hearing is held promptly after the arrest and reasonably near the place of the violation or arrest. This presumably could refer to the procedure outlined in A.C.A. § 5-4-309.